Farrell Gene KNIGHT *v.* STATE of Arkansas

CR 82-85                                    640 S.W.2d 442

Supreme Court of Arkansas
Opinion delivered October 18, 1982

*William C. McArthur,* for appellant.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., for appellee.

STEELE HAYS, Justice. Appellant was convicted of aggravated robbery in a jury trial on February 17, 1982, and received an extended term of imprisonment from a finding that he had been convicted of four previous felonies. On appeal, he raises three points in arguing that the trial court erred in its application of the habitual offender statute, Ark. Stat. Ann. § 41-1001 (Repl. 1977). We find no merit in the arguments.

Appellant first insists that it was unclear from the state's evidence whether an attorney was present for the past convictions used in the sentencing. The state presented evidence of six convictions, one from Arkansas, and five from Oklahoma. The appellant objects to the five convictions from Oklahoma, where each judgment and sentence of conviction was in printed form stating the appellant was ". . . duly represented at all appearances by his attorney of

record." He argues that *Reeves* v. *Mabry,* 480 F. Supp. 529 (1979) holds that unless the evidence of prior convictions shows the defendant had been represented by counsel there is a presumption that he was denied effective assistance of counsel and no convictions can be used for enhancement purposes. We agree with appellant's statement of *Reeves,* however, here the record is not silent or ambiguous as to the defendant's representation. The record clearly states on all of the appellant's judgment and sentence forms that he was represented by counsel.

As to the printed nature of the judgment and sentence forms, we stated in *Clem & Gilbert* v. *State,* 254 Ark. 581, 495 S.W.2d 517 (1973):

> The appellants argue that the reference made to the presence of counsel in the certified copies of prior convictions was in printed form. Even so, we cannot assume that the Texas courts would use printed forms stating that counsel was present when in fact none was present.

We dispensed with the same argument recently in *Davis* v. *State,* 275 Ark. 264, 630 S.W.2d 1 (1982).

Appellant next submits that four of the previous offenses could have arisen out of the same set of circumstances and should be treated as one conviction rather than four. The appellant cites no authority or rationale for this argument, other than "the sentences all run concurrently and probably should be considered as one rather than four." We stated in *Blackmon* v. *State,* 272 Ark. 157, 612 S.W.2d 319 (1981), "Each plea of guilty to separate offenses, though the pleas may be entered simultaneously and though concurrent sentences are imposed, constitutes a separate prior conviction for purposes of Ark. Stat. Ann. § 41-1001 (2)".

Nor does appellant's suggestion that the crimes appear to have arisen out of the same set of circumstances have any merit. Ark. Stat. Ann. § 41-1001 (3) provides only one situation for consolidation of offenses:

For the purpose of determining whether a defendant has previously been convicted or found guilty of two [2] or more felonies, a conviction or finding of guilt of burglary and of the felony that was the object of the burglary shall be considered a single felony conviction or finding of guilt.

Also, the purpose of that provision, as outlined in the Commentary to § 41-1001, indicates the legislative intent could not be expanded for the reason the appellant suggests.

Although prior to the Code's enactment most circuit judges treated convictions for burglary and grand larceny as a single prior conviction for purposes of habitual offender sentencing, a few apparently considered such a disposition to constitute two convictions. To achieve some parity of treatment in calculating the number of prior convictions, subsection (3) consolidates a burglary and the offense that was its object into a single felony conviction for habitual offender purposes.

Appellant argues that it was unclear from the state's evidence whether the convictions were misdemeanors or felonies. The Arkansas conviction was for burglary, and carried a sentence of 25 years and is undisputedly a felony. The other 5 convictions from Oklahoma carried sentences ranging from 3 to 10 years. Ark. Stat. Ann. § 41-1002 (Repl. 1977) responds directly to this point:

*Previous conviction in another jurisdiction.* For purposes of Section 1001, a conviction or finding of guilt of an offense in another jurisdiction shall constitute a previous conviction or finding of guilt of a felony if a sentence of death or of imprisonment for a term in excess of one [1] year was authorized under the laws of the other jurisdiction.

The appellant finally argues that the evidence is insufficient to support the guilty verdict for the charge of aggravated robbery. He claims there was conflicting testimony from the witnesses and insufficient evidence to prove

he employed or threatened to immediately employ physical force on another, as robbery is defined in Ark. Stat. Ann. § 41-2103 (Repl. 1977). The record shows that the contradictions were minor and the testimony generally consistent. Resolution of the conflicts and the question of credibility are for the jury. *Beed* v. *State,* 271 Ark. 526, 609 S.W.2d 898 (1980). As to the threat of physical force, both witnesses, employees in the drug store that was robbed, testified that guns were pointed at them or held on them during the course of the robbery. Despite the absence of a specific threat to shoot, such behavior creates an implied threat of physical force. In determining the sufficiency of the evidence to show aggravated robbery, we look only to see if, viewed in the light most favorable to the state, there was substantial evidence to support the charge. *Beed, supra.*

Finding no error in the proceedings below, we affirm.