Randy TIMS v. STATE of Arkansas

CA CR 88-42 760 S.W.2d 78

Court of Appeals of Arkansas
Division I
Opinion delivered November 23, 1988
[Supplemental Opinion on Rehearing May 17, 1989.*]

---

*Mayfield, J., concurs in the result.

*Thomas J. Pendowski*, for appellant.

*Steve Clark*, Att'y Gen., by: *R.B. Friedlander*, Solicitor Gen., for appellee.

JAMES R. COOPER, Judge. The appellant was convicted in a non-jury trial of driving while intoxicated, fourth offense. He was sentenced to six years in the Arkansas Department of Correction. From that conviction, comes this appeal.

On June 13, 1987, the appellant was driving south on

Highway 365. The Mayflower Police Department and the Arkansas State Police were conducting a roadblock to check driver's licenses, vehicle licenses, and vehicle registration. The officers had set up stop signs, one facing north and one facing south, on the center line of the highway. The appellant drove through the roadblock, and stopped after Alton Straschinske, a constable in Danley Township in Faulkner County, yelled at him to stop. Straschinske asked the appellant if he saw the stop sign and the appellant said that he had not. The appellant also stated that he did not have his driver's license. Straschinske stated that he smelled a strong odor of alcohol on the appellant and that when he asked him to get out of his truck and come to the rear of the vehicle, the appellant had to hold on to the truck to walk. The appellant admitted that he had a few drinks after he left work.

The appellant first argues that the roadblock was unconstitutional and that the evidence gathered as a result of the appellant's being stopped at the roadblock should have been suppressed. We disagree.

We recently decided the case of *Coffman v. State*, 26 Ark. App. 45, 759 S.W.2d 573 (1988). In that case the appellant challenged the validity of a roadblock and argued that evidence should have been suppressed because the officers lacked probable cause to stop him. In that case the appellant was stopped because, as he approached the roadblock, he pulled into a driveway, backed out on to the highway, and headed in the opposite direction. We stated that we did not agree with the appellant's assertion that an unlawful roadblock would infect the validity of the appellant's stop and arrest. Because the appellant had attempted to avoid the roadblock, the officers had reasonable suspicion that he was engaged in unlawful activity. *Coffman, supra*; *see also* A.R.Cr.P. Rule 3.1. In the present case we find that once the appellant ran the roadblock, the officers had reasonable suspicion that the appellant was engaged in unlawful activity and their stop of the appellant's car was within constitutional guidelines.

Furthermore, we are not convinced, on this record, that the roadblock was unlawful. The parties stipulated that the roadblock was conducted by the State Police and that the Mayflower Officers were merely assisting. Constable Straschin-

ske testified that the police cars had their blue lights on. Howard Whittle, the Chief of Police at Mayflower, stated that he was at the roadblock, except for the time spent transporting the appellant to jail, and that while he was there every car which came through was stopped and checked. Chief Whittle also stated that Sergeant Elliot with the Arkansas State Police was the officer who requested the assistance of the Mayflower police and that he did not know the identity of Elliot's superior officer or whether the superior officer actually ordered the roadblock. We think that under these facts, the roadblock was constitutionally permissible. *See Delaware* v. *Prouse*, 440 U.S. 648 (1979); *Coffman, supra*; 4 LaFave Search and Seizure: A Treatise on the Fourth Amendment §10.8 (2d ed. 1987 and Supp. 1988).

The appellant relies on the case of *Garrett* v. *Goodwin*, 569 F. Supp. 106 (E.D. Ark. 1982), as establishing the procedure which the State Police are to follow when conducting a roadblock. However, that case was a civil action and the order entered was a consent decree. Furthermore, the focus of the decree in *Garrett* was to prevent police officers from using roadblocks as a pretext to search for criminal evidence without probable cause. Although the planning and implementation of the roadblock appeared to meet constitutional standards, the presence of non-traffic control police officers led to the allegations of illegality of the roadblock. 569 F. Supp. at 106. In the present case, the evidence does not support a finding that the officers were using the roadblock as a pretense. There is no evidence that the officers present were involved in non-traffic assignments, there is no evidence that any searches took place, and there is no evidence that cars were stopped randomly.

The appellant's second argument concerns the copies of court dockets which were used by the State to prove the appellant's prior convictions of driving while intoxicated. Although three docket sheets were used to prove the appellant's prior convictions, only two are challenged on appeal. The first document challenged is from the Beebe Municipal Court. At the bottom of the document is a stamp which appears to be a waiver of counsel. There is a dotted line which the defendant was supposed to sign, acknowledging the waiver of counsel. On this particular document the stamp was placed at an angle, and the appellant's signature is straight and below the dotted line. It is the appellant's

contention that this stamp was placed there after the appellant signed, and that there was no valid waiver of counsel. We disagree.

■■ The appellant is correct in his assertion that a prior conviction cannot be used to enhance punishment unless the defendant was represented by counsel or he validly waived counsel. *Baldasar* v. *Illinois*, 446 U.S. 222 (1980). The appellant cites the case of *Steele* v. *State*, 284 Ark. 340, 681 S.W.2d 354 (1984) to support his argument. However, in *Steele* the court clerk testified that the stamp showing that the appellant had waived counsel was placed there two years after the appellant's trial. In the present case, there is no such evidence, and, absent any evidence that the stamp was actually placed there after the appellant signed the docket sheet, we cannot simply accept such an allegation. ·

■ We do think that the appellant's argument concerning the copy which is from the Jacksonville Municipal Court has merit. On that sheet there is column for the name of the arresting officer. In that column, appears the words, "Atty. O'Bryan." The appellant argues that this could be either the name of the defense attorney or the name of the prosecuting attorney. Although we agree with the State that this is not a silent record, *see Thomas* v. *State*, 2 Ark. App. 238, 620 S.W.2d 300 (1981), we do find that, in the absence of any other evidence, the issue of whether the appellant was represented or validly waived counsel is too ambiguous to be relied on. Careful adherence should be given the decisions regarding proof of prior convictions in these cases. *Steele, supra.* Therefore, we find that the trial court erred in using the docket sheet from the Jacksonville Municipal court as evidence of a prior conviction to enhance the appellant's sentence. Therefore, the State only proved, by competent evidence, that the appellant was guilty of DWI III. We reverse and remand to the trial court to resentence the appellant in a manner consistent with this opinion, as a DWI third offender. *See Lawson* v. *State*, 295 Ark. 37, 746 S.W.2d 544 (1988); *Rogers* v. *State*, 293 Ark. 414, 738 S.W.2d 412 (1987).

Affirmed in part.

Reversed and remanded in part.

CORBIN, C.J., and MAYFIELD, J., agree.

## SUPPLEMENTAL OPINION ON REHEARING
## DELIVERED MAY 17, 1989

770 S.W.2d 211

JAMES R. COOPER, Judge. The State contends on rehearing that we erred in directing the trial court on remand to resentence the appellant as a DWI third offender. We agree and modify our earlier disposition.

■ In our opinion of November 23, 1988, we remanded to the trial court for resentencing on a lesser-included offense supported by the admissible evidence, rather than remanding the case for a new trial. This disposition necessarily required a determination that the evidence was insufficient to support the appellant's conviction as originally entered by the trial court. However, in the case at bar, the question of evidentiary insufficiency was raised neither in the trial court nor on appeal, and we therefore erred in considering that issue in making our disposition.

■ In *Burks* v. *United States,* 437 U.S. 1 (1978), the United States Supreme Court held that the double jeopardy clause of the federal constitution prohibits a second trial where the reviewing court has reversed on the grounds that the evidence was legally insufficient to sustain the conviction. As we have noted, the sufficiency of the evidence was not decided by us in this case. Even had this issue been properly raised and addressed on appeal, however, the double jeopardy clause would not prohibit retrial in this case.

■ In *Lockhart* v. *Nelson,* ___ U.S. ___, 109 S. Ct. 285 (1988), decided approximately three weeks after the case at bar was submitted to us for decision, the United States Supreme Court held that "where the evidence offered by the State and admitted by the trial court — whether erroneously or not — would have been sufficient to sustain a guilty verdict, the Double Jeopardy Clause does not preclude retrial." *Lockhart* v. *Nelson,* ___ U.S. ___, 109 S. Ct. 285, 287 (1988). The appellant in *Nelson* brought a federal habeas corpus petition alleging that his enhanced sentence under the Arkansas Habitual Offender Act was invalid because one of the prior convictions used for enhancement had been pardoned. The federal district court found that the prior conviction had in fact been pardoned at the time Nelson was sentenced, and held that the double jeopardy clause prohibited resentencing Nelson as a habitual offender. *Lockhart* v. *Nelson,* 641 F. Supp. 174 (E.D. Ark. 1986). The Court of Appeals for the Eighth Circuit affirmed. *Lockhart* v. *Nelson,* 828 F.2d 446 (8th Cir. 1987).

■ The United States Supreme Court reversed, holding

that when a reviewing court determines that a defendant's conviction must be reversed because evidence was erroneously admitted against him, and also concludes that without the inadmissible evidence there was insufficient evidence to support a conviction, the double jeopardy clause does not prohibit retrial. 109 S. Ct. at 290. The Court reasoned that:

> It appears to us to be beyond dispute that this is a situation described in *Burks* as reversal for "trial error" — the trial court erred in admitting a particular piece of evidence, and without it there was insufficient evidence to support a judgment of conviction. But clearly *with* that evidence, there was enough to support the sentence: the court and jury had before them certified copies of four prior felony convictions, and that is sufficient to support a verdict of enhancement under the statute. See Ark. Stat. Ann. § 41-1003 (1977). The fact that one of the convictions had later been pardoned by the Governor vitiated its legal effect, but it did not deprive the certified copy of that conviction of its probative value under the statute.

*Nelson*, 109 S. Ct. at 290-91. We think that the circumstances of the case at bar are analogous to the facts of the *Nelson* case. The fact of three prior DWI convictions is an element of DWI, fourth offense, under Ark. Code Ann. § 5-65-111 (1987). *See Peters* v. *State*, 286 Ark. 421, 692 S.W.2d 243 (1985). In our opinion in this case delivered November 23, 1988, we held that the trial court erred in holding that the docket sheet from a prior conviction in Jacksonville was sufficient to establish that the appellant was represented by counsel in that case. The issue decided by the trial court, on which we reversed, was whether the State had laid an adequate foundation for the admissibility of the prior conviction as to representation by counsel. It is important to note that the issue of whether the appellant was in fact represented by counsel in the questioned case was neither presented nor decided by either the trial court or this court. It is nevertheless clear that, because of this trial error, evidence of three prior DWI convictions was before the court, and that evidence of three convictions was sufficient to support the conviction of the greater offense of DWI fourth offense. Although we held the evidence of representation or waiver of counsel pertaining to the Jacksonville

conviction to be too ambiguous to be relied upon, thus vitiating the legal effect of that conviction under *Baldasar* v. *Illinois*, 446 U.S. 222 (1980), the erroneously admitted evidence of the Jacksonville conviction retained its probative value under the statute. *Nelson*, 109 S.Ct. 285. Because the issue of the sufficiency of the evidence was never before us in this case, and because *Nelson* holds that the double jeopardy clause does not preclude retrial under these circumstances, we modify our November 23, 1988, order requiring the trial court to resentence the appellant as a DWI, third offender, and we remand to the trial court for further proceedings not inconsistent with this opinion.

Another issue which surfaced during our conference of this case was whether the State may attempt on remand to introduce evidence of the prior conviction from Jacksonville. We address this issue because it is likely to arise on retrial.

 The Jacksonville conviction which we held to have been erroneously introduced at trial was not inadmissible *per se*, but instead was inadmissible only because the State failed to show the existence of a condition precedent to admissibility, i.e., that the appellant had or validly waived counsel. To state the matter differently, we simply held that the State failed to lay a proper foundation for that particular piece of evidence. Therefore, unlike the pardoned conviction in *Nelson*, the Jacksonville conviction would have legal effect if the fact of representation or waiver of counsel could be shown through the introduction of new evidence. On retrial, the State may again attempt to introduce the Jacksonville conviction to show that prior DWI offense. It may do so if it first complies with *Baldasar* by showing, through competent evidence, that the appellant was represented by counsel or made a valid waiver of counsel with respect to that conviction.

> [U]pon appellate reversal of a conviction, the Government is not limited at a new trial to the evidence presented at the first trial, but is free to strengthen its case in any way it can by the introduction of new evidence.

*United States* v. *Shotwell Mfg. Co.*, 355 U.S. 233, 243 (1957); *see Pickens* v. *State*, 292 Ark. 362, 730 S.W.2d 230 (1987). This rule has not been invalidated by the Supreme Court's subsequent holdings in *Nelson, supra*, or in *Burks* v. *United States*, 437 U.S.

1 (1978). *See United States v. Gallagher*, 602 F.2d 1139 (3d Cir. 1979). *Burks* and its progeny bar retrial where an appellant's conviction is reversed on the ground that the evidence was insufficient to sustain the conviction. *Burks*, 437 U.S. at 18; *Nelson*, 109 S. Ct. at 290. However, in the case at bar we did not find that there was insufficient evidence to sustain the conviction, but reversed because of trial error in the admission of the Jacksonville conviction. We are persuaded by the *Gallagher* decision, in which the Third Circuit Court of Appeals reasoned that:

> The *Burks* Court does not impose a preclusive rule upon the evidence that may be used at retrial once the government has met its initial production burden. It erects a double jeopardy barrier only if the prosecution fails to produce sufficient evidence at the first trial. Thus, apart from the requirement that the new evidence conform to the indictment, there is no reason to restrict the government's case at a second trial. By the same token, the defense is also free to present testimony which it had not utilized in the first encounter.

*Gallagher*, 602 F.2d at 1143. Other courts have dealt with the question of the prosecution's use, on retrial, of evidence which was improperly admitted at the former trial because of foundational defects or similar errors relating to preliminary questions governing admissibility. In *Frisco v. Blackburn*, 782 F.2d 1353 (5th Cir. 1986), the reviewing court held that it was error for the trial court to admit an in-court identification without first determining that it was untainted by an illegal, uncounseled lineup. Nevertheless, the Fifth Circuit held that the prosecution would be permitted to elicit an in-court identification from the same witness on retrial if it could first show that the identification was untainted by the unconstitutional lineup. *Frisco*, 782 F.2d at 1356-57. *See also United States v. Ordonez*, 737 F.2d 793 (9th Cir. 1984). In our original opinion we did not hold that the disputed conviction was uncounseled, but only that the foundational evidence was too scanty to permit a finding that counsel was in fact present or had been validly waived by the appellant. Therefore, under the authorities cited above, we hold that neither

the State nor the appellant will be precluded on retrial from presenting evidence relevant to the appellant's representation by or waiver of counsel with respect to the Jacksonville conviction.

MAYFIELD, J., concurs in the result reached in this supplemental opinion.