Anthony STEWART *v.* STATE of Arkansas

CR 89-97                                    777 S.W.2d 844

Supreme Court of Arkansas
Opinion delivered October 16, 1989
[Rehearing denied November 13, 1989.]

*William R. Simpson, Jr.*, Public Defender, by: *Didi H. Sallings*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The appellant, Anthony Stewart, was found guilty of rape and sentenced as a habitual offender with four prior convictions to fifty years imprisonment. For reversal, he contends that there was insufficient evidence from which to adjudge him an habitual offender in that the State did not prove he was represented by an attorney for each of the prior convictions. We disagree and affirm.

The State has the burden of proving a defendant's prior convictions. *Allen v. State*, 294 Ark. 209, 742 S.W.2d 886 (1988).

For the purpose of sentence enhancement pursuant to our habitual offender code provisions [Ark. Code Ann. §§ 5-4-501 — 5-4-504 (1987)], the State may prove a prior conviction by any evidence that satisfies the court beyond a reasonable doubt that the defendant was convicted or found guilty. Ark. Code Ann. § 5-4-504(a) (1987); *Elmore v. State*, 268 Ark. 225, 595 S.W.2d 218 (1980). On appeal, the test is whether there is substantial evidence that the appellant was previously convicted of the felonies in questions. *Allen, supra. See also Elmore, supra.*

Unless the records of prior convictions show that the defendant was represented by counsel, there is a presumption that the defendant was denied assistance of counsel, and the convictions cannot be used to enhance punishment under our habitual offender provisions. *Reeves v. Mabry*, 480 F. Supp. 529 (W.D.

Ark. 1979), *aff'd* 615 F.2d 489 (8th Cir. 1980). *See also Knight* v. *State*, 277 Ark. 213, 640 S.W.2d 442 (1982).

In *Reeves* v. *Mabry, supra,* the circuit clerk testified from the records that the appellant conferred with attorney Martin Green. The docket sheet in the previous case was admitted into evidence, which indicated that the court would not accept appellant's guilty plea until he had conferred with Martin Green; that Martin Green did confer with appellant; and that after the conference, the court accepted the pleas.

The court stated, "Although the word 'appointment' is not used in the docket entry, it is clear that the Court, in asking Martin Green to confer with Reeves [appellant] and Riley Cunningham, was appointing Martin Green as their counsel." The court then held that the testimony of the circuit clerk and the docket sheet showed that appellant was represented by counsel.

Likewise, in the case at bar, docket sheets, as well as other documents, show that Stewart was represented by counsel. In enhancing Stewart's sentence under our habitual offender provisions, the trial court considered the records of the Arkansas Department of Correction (the proverbial "pen pack") and certified documents from the Circuit Clerk of Woodruff County. These records and documents, admitted into evidence as State's Exhibit No. 2, included docket sheets, a plea statement, judgments, an admission summary, and transcriptions of Stewart's plea and arraignment proceedings, all in reference to appellant's four convictions in Woodruff Circuit Court (case numbers: CR-80-47, CR-80-54, CR-80-55, and CR-80-56).

The docket sheets for all four cases reflect that the attorneys were "Gene Raff" for the State of Arkansas and "T.B. Fitzhugh Appt." for Anthony Stewart. Further examination of the docket sheets indicates that plea and arraignment was held on July 24, 1980. A certified copy of these proceedings reflects that a Mr. Fitzhugh appeared as defense counsel in regard to all four charges and requested a continuance in the cases since he had been recently appointed.

On August 18, 1980, Stewart pleaded guilty to all charges. Accompanying the pleas of guilty was a plea statement executed by Stewart and by "Bay Fitzhugh," attorney. Subsequent to

sentencing, Stewart was placed in the custody of the Department of Correction. The Department's admission summary shows that Stewart was represented by T. Fitzhugh in all four cases. Obviously, T.B., Bay, and T. Fitzhugh are the same person.

■ Granted, the certified copies of the court's judgments in these cases do not mention Fitzhugh, nor do they reflect whether or not Stewart was represented by counsel or if he validly waived that right. However, the docket entries, records of the proceedings, plea statement, and admission summary indicate that Stewart was represented by counsel.[1] Accordingly, we have no trouble in concluding that there is substantial evidence that appellant had the benefit of counsel and was previously convicted of the felonies in question. *Allen, supra.*

Affirmed.

---

[1] Attention is directed to Ark. Sup. Ct. R. 9, which provides in pertinent part that "[t]he appellant's abstract or abridgment of the records should consist of an impartial condensation, without comment or emphasis, of *only* such material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to this court for decision." Appellant's abstract is deficient in that he failed to abstract State's Exhibit No. 2 in his brief. After the appellee pointed out this deficiency pursuant to Ark. Sup. Ct. R. 9(e)(1), appellant abstracted documents contained in State's Exhibit No. 2 in his reply brief. It is improper for an appellant to attempt to correct an abstracting deficiency in his reply brief as the appellee at that late date does not have the opportunity to supply any deficiencies in the appellant's abstract. *Weston* v. *Ponder*, 263 Ark. 370, 565 S.W.2d 31 (1978). *See also Merrit* v. *Merrit*, 263 Ark. 432, 565 S.W.2d 603 (1978). We further note that appellant did not abstract all of the documents contained in Exhibit No. 2. Copies of the plea statement and the admission summary are missing.