Danny Paul RODGERS *v.* STATE of Arkansas

CA CR 89-203 790 S.W.2d 911

Court of Appeals of Arkansas
Division II
Opinion delivered June 13, 1990

*Mashburn & Taylor*, by: *Scott E. Smith*, for appellant.

*Steve Clark*, Att'y Gen., by: *Ann Purvis*, Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Judge. Danny Paul Rogers appeals from his conviction at a non-jury trial of driving while intoxicated, fourth offense. He does not contend that the evidence was insufficient to sustain a conviction of the underlying charge of driving while intoxicated, but only that the trial court erred in admitting evidence of two prior convictions of the same crime, which, together with a third prior conviction, were used to enhance his sentence as provided in Ark. Code Ann. § 5-65-111(b)(3) (1987). We affirm.

The State introduced into evidence duly certified copies of documents purporting to evidence three prior convictions for the offense of driving while intoxicated. Appellant conceded that one of them was admissible but objected to admission of the other two. Each of the two documents in issue contained the entry "Trial Docket." Immediately under those words appeared the words "Jeff Duty, Atty." The documents were properly identified by the clerk of the court in which the convictions were obtained as being true copies of records kept in her office. She testified as to the manner in which such docket entries are made and that these entries meant that Jeff Duty had been appellant's attorney.

At the conclusion of the clerk's testimony, appellant made the following objection:

> [O]n both of these documents it says "Trial Docket, Jeff Duty, Attorney." Well, there's no way to tell if Jeff Duty was the city attorney or Jeff Duty was the county prosecutor . . . . It's simply too ambiguous to send this man to the Arkansas Department of Correction over. And I come back to if you're going to do it you might as well do it right. And they're just not doing it right out there, Judge.

The trial court admitted both documents, ruling on appellant's objection as follows:

> I don't think there is any ambiguity. Number one, it reflects an attorney, Jeff Duty. [The clerk] testified that Jeff Duty was the defense attorney. I think probably, furthermore, I can take judicial notice that Mr. Duty is not the prosecuting attorney. I know who the prosecuting attorney is. It is Mr. Harper or Mr. Blocker. So I think on the balance these do meet the test, especially with the testimony of [the clerk].

Appellant argues to us, as he did in the trial court, that the admitted documents were too ambiguous on the issue of whether appellant had been counseled or validly waived his right to counsel in his prior cases, and contends that our decision in *Tims v. State*, 26 Ark. App. 102, 760 S.W.2d 78 (1988), *supp. op. on reh'g granted*, 26 Ark. App. 106-A, 770 S.W.2d 211 (1989), requires that this case be reversed. We do not agree.

 It is clear that uncounseled misdemeanor convictions cannot be used to enhance punishment for a subsequent offense. *Baldasar v. Illinois*, 446 U.S. 222 (1980); *State v. Brown*, 283 Ark. 304, 675 S.W.2d 822 (1984). It is also clear that representation by counsel or a waiver of the right to counsel cannot be presumed from a record that is silent on that subject. *Burgett v. Texas*, 389 U.S. 109 (1967). Our supreme court applied the *Burgett* rule to records that were silent as to representation in *Lovell v. State*, 283 Ark. 425, 678 S.W.2d 318 (1984); *Klimas v. State*, 259 Ark. 301, 534 S.W.2d 202 (1976); and *McConahay v. State*, 257 Ark. 328, 516 S.W.2d 887 (1974).

*Tims v. State, supra*, relied upon by appellant, is the latest in a series of cases on this subject. There, the document evidencing a

prior conviction contained a column for the name of the arresting officer in which appeared the words "Atty. O'Brien." We found merit in the argument that that entry could mean either that O'Brien was defense counsel or the prosecuting attorney. We held that although the record was not a silent one, in the absence of further evidence, the record entry was too ambiguous to be relied upon to establish representation by counsel.

■ Appellant's reliance upon *Tims*, however, is misplaced. The basis for our decision in that case was that there was no evidence to explain or clarify the entry. *Cf. Klimas* v. *State, supra*, (a "silent record" case, but the court indicated that the inadequacy of a silent record could be overcome by other evidence tending to show that the defendant in fact was represented by counsel or waived that right). Here, as in *Tims*, the records are not silent. However, unlike in *Tims*, there was other evidence offered explaining the docket entries. The clerk of the court in which the prior judgments were entered testified that such docket entries were her method of showing whether an accused had been represented by counsel and, if so, who that counsel was. She testified that the entries in question here meant that appellant was represented by Mr. Duty and that, had he not been represented by an attorney, the word "none" would have appeared on the docket where Mr. Duty's name was shown. From our review of the record, we cannot conclude that the trial court's stated conclusions on this point are erroneous.

■ In his brief, appellant also argues that the admitted documents were constitutionally infirm for use as evidence for other reasons. However, we do not address these arguments. Our review of the record discloses that the only ground for exclusion both argued on appeal and presented to and ruled on by the trial court was that the evidence was too ambiguous to be relied on, in that one could not tell whether Mr. Duty had represented appellant or the State. Only those specific objections made in the trial court are available on appeal; all others are deemed waived. *Parette* v. *State*, 301 Ark. 607, 786 S.W.2d 817 (1990); *Whaley* v. *State*, 11 Ark. App. 248, 669 S.W.2d 502 (1984).

Affirmed.

COOPER and JENNINGS, JJ., agree.