Robert NEVILLE *v.* STATE of Arkansas

CA CR 92-647                    848 S.W.2d 947

Court of Appeals of Arkansas
Division II
Opinion delivered February 24, 1993

*William R. Simpson, Jr.*, Public Defender, by: *Michelle Young Leding*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant, Robert Neville, was convicted in a non-jury trial of driving while intoxicated, fourth offense. On appeal, the appellant contends that the trial court erred in admitting two of his prior DWI convictions which, together with a third prior DWI conviction, were used to enhance his sentence as provided in Ark. Code Ann. § 5-65-111(b)(3) (1987).

The State introduced into evidence certified copies of court dockets to prove the appellant's prior convictions of DWI. Although three docket sheets were introduced, only two are challenged on appeal. The two documents in issue are court

dockets from Pulaski County Municipal Court. There is a column designated "Atty:" on both sheets. Immediately after this designation on the first docket sheet appears the name Richard Lewallen. The name Susan Wilson appears after this designation on the other docket sheet in issue.

The appellant argues that the admitted documents were too ambiguous on the issue of whether appellant had been counseled or validly waived his right to counsel in his prior cases. He contends that our decision in *Tims* v. *State*, 26 Ark. App. 102, 760 S.W.2d 78 (1988), *supp. op. on reh'g granted*, 26 Ark. App. 106-A, 770 S.W.2d 211 (1989), requires that this case be reversed. We agree.

■ It is clear that a prior conviction cannot be used to enhance punishment unless the defendant was represented by counsel or he validly waived counsel. *Baldasar* v. *Illinois*, 446 U.S. 222 (1980); *State* v. *Brown*, 283 Ark. 304, 675 S.W.2d 822 (1984). Representation by counsel or a waiver of the right to counsel cannot be presumed from a silent record. *Lovell* v. *State*, 283 Ark. 425, 678 S.W.2d 318 (1984); *Rodgers* v. *State*, 31 Ark. App. 159, 790 S.W.2d 911 (1990).

■ In *Tims* v. *State, supra*, the document evidencing a prior conviction contained a column for the name of the arresting officer in which appeared the words "Atty. O'Brien." The appellant in *Tims* argued that the entry could mean that the attorney was either the defense counsel or the prosecuting attorney. We held that although this was not a silent record, in the absence of further evidence, the record was too ambiguous to determine whether the defendant was represented or had validly waived counsel. We see no meaningful distinction between the facts of *Tims* and the facts presented in the case at bar. Here, as in *Tims*, although the records were not silent, there was no other proffered evidence to explain or clarify the entries. In the case at bar, the two docket entries, absent further evidence, were too ambiguous to be relied upon to establish that the appellant was represented or validly waived counsel. Therefore, we reverse and remand for a new trial, consistent with our supplemental opinion in *Tims* v. *State*, 26 Ark. App. 106-A, 770 S.W.2d 211 (1989).

Reversed and remanded.

ROBBINS and ROGERS, JJ., agree.