Sheldon Paul MANGIAPANE *v.* STATE of Arkansas

CA CR 92-1079                                        876 S.W.2d 610

Court of Appeals of Arkansas
Division I
Opinion delivered June 1, 1994

*Daniel D. Becker*, by: *Terri L. Harris*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

JUDITH ROGERS, Judge. The appellant, Sheldon Paul Mangiapane, was found guilty by a jury of theft of property, a class B felony, and was sentenced as an habitual offender to a term of twenty-five years in prison. For reversal, appellant contends that the trial court erred in accepting one of his prior convictions for the purpose of enhancing his sentence. We affirm.

The trial court found that appellant had been convicted of four previous felonies, and was thus subject to being sentenced under the enhancement provision found at Ark. Code Ann. § 5-4-501(b) (Repl. 1993). At issue in this appeal is a 1988 conviction from the Grant County Circuit Court for theft by receiving. Appellant's argument on appeal is that the use of this conviction was improper because it was not shown that he was represented by counsel.

The proof presented by the State was the docket sheet from Grant County which contained the entry "B. Murphy appted - Bond set at $5,000 - Signature of def. & his father approved." In conjunction with this document, the State offered the concomitant judgment showing that appellant pled guilty and was sentenced to a term of six years in the Arkansas Department of Correction. No mention of representation was made in the judgment.

It is settled that a prior conviction cannot be used to enhance punishment unless the defendant was represented by counsel or he validly waived counsel. *Tims* v. *State*, 26 Ark. App. 102, 760 S.W.2d 78 (1989). The principles which govern the resolution of the issue at hand were succinctly stated in *Stewart* v. *State*, 300 Ark. 147, 777 S.W.2d 844 (1989):

> For the purpose of sentence enhancement ... the State may prove a prior conviction by any evidence that satisfies the court beyond a reasonable doubt that the defendant was convicted or found guilty. On appeal, the test is whether there is substantial evidence that the appellant was previously convicted of the felonies in question.

> Unless the records of prior convictions show that the defendant was represented by counsel, there is a presumption that the defendant was denied assistance of counsel, and the convictions cannot be used to enhance punishment under our habitual offender provisions.

*Id.* at 148, 777 S.W.2d at 845 (citations omitted).

In recent times we have dealt with this issue on three occasions. First, in *Tims* v. *State, supra,* the appellant had been convicted of DWI, fourth offense. We found error in the use of one of the previous convictions where the words, "Atty. O'Bryan," appeared under a column for the name of the arresting officer. We deemed this designation as being too ambiguous to be relied upon to show that the appellant had been represented or had waived counsel. On the other hand, in *Rodgers* v. *State,* 31 Ark. App. 159, 790 S.W.2d 911 (1990), we upheld a conviction for DWI, fourth offense, where a challenge was made to two prior convictions evidenced by documents containing the entries "Jeff Duty, Atty." We sustained the use of these convictions because the clerk of the court from which the convictions were obtained explained that the entries signified that Jeff Duty had been appointed as defense counsel. In *Neville* v. *State,* 41 Ark. App. 65, 848 S.W.2d 947 (1993), we found proof of representation lacking where the two docket sheets in question listed the respective names of Richard Lewallen and Susan Wilson under the column designated "Atty." As in *Tims, supra,* we considered those listings to be too ambiguous, standing alone, to support a finding that the appellant was represented or had waived counsel. The distinction between the decisions in *Tims* and *Neville,* and the decision in *Rodgers,* is that in *Rodgers* the docket entries were supplemented with other proof of representation.

In the case at bar, the trial court allowed the usage of the Grant County conviction finding that the entry "B. Murphy appted. . . ." indicated that an attorney had been appointed to represent appellant. In so finding, the trial court took note of the fact that prosecutors are not appointed. The court also reasoned that appellant was represented at the time the guilty plea was accepted since the docket contained no entry showing that counsel had been relieved.

As in the cases discussed above, we are not faced with a silent record from which representation or the waiver of counsel cannot be presumed. The question here is whether there is substantial evidence to support the trial court's determination that appellant was represented by counsel in the earlier proceeding. We consider this case as falling somewhere between the

decisions in *Tims* and *Neville* on one end of the spectrum, and *Rodgers* on the other. From our review, however, we conclude that the trial court's finding is supported by substantial evidence. The docket sheet in question includes an express notation from which it can reasonably be inferred that counsel was appointed to represent appellant. We also cannot disagree with the trial court's conclusion that representation continued throughout the course of the proceedings since there was no entry showing that counsel had been dismissed. Accordingly, we affirm appellant's conviction and the sentence imposed therefor.

Affirmed.

PITTMAN and MAYFIELD, JJ., agree.