Kenneth BYRUM *v.* STATE of Arkansas

CR 94-18                                          884 S.W.2d 248

Supreme Court of Arkansas
Opinion delivered September 26, 1994

*LaJeana Jones*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Kenneth Byrum, was found guilty by a jury of one count of rape. Appellant was sentenced as an habitual offender with five prior felony offenses to serve a term of imprisonment for life at the Arkansas Department of Correction. Appellant appeals and asserts six points of error. We find no merit and affirm.

## SUFFICIENCY OF THE EVIDENCE

■ The fourth of the six arguments raised by appellant is the trial court erred in denying his motions for directed verdict. We treat a challenge to the denial of a motion for directed verdict as a challenge to the sufficiency of the evidence. *Mitchell* v. *State*, 314 Ark. 343, 862 S.W.2d 254 (1993). Preservation of appellant's right to freedom from double jeopardy requires a review of the sufficiency of the evidence prior to a review of trial errors. *Davis* v. *State*, 314 Ark. 257, 863 S.W.2d 259 (1993), *cert. denied*, 114 S. Ct. 1417 (1994); *Lukach* v. *State*, 310 Ark. 119, 835 S.W.2d 852 (1992). Consequently, we consider appellant's challenge to the sufficiency of the evidence prior to considering his other assignments of trial error.

■ The test we apply on appeal to determine sufficiency of the evidence is whether there is substantial evidence to support the verdict, viewing the evidence in the light most favorable to the appellee. *Mitchell*, 314 Ark. 343, 862 S.W.2d 254; *Gillie* v. *State*, 305 Ark. 296, 808 S.W.2d 320 (1991). Substantial evidence must be forceful enough to compel a conclusion one way or the other beyond suspicion and conjecture.

As required, we recite the evidence in the light most favorable to appellee. The twelve-year-old victim testified that, at the time of the rape, she lived with her mother, her mother's friend, Victoria Smith, Ms. Smith's two teenaged sons, Dwayne and Chad, and Ms. Smith's boyfriend, Gary Martin, in Martin's house located outside DeQueen, Arkansas. The victim testified she slept on a mattress in the living room of Martin's house. The victim testified the thirty-eight-year-old appellant lived "in a little trailer thing in the front yard [of Martin's house]," and she considered appellant to be a friend of hers and of the other residents of the Martin house.

The victim testified that, on the evening of the rape, she and appellant, together with four of the victim's friends, whose ages ranged from eleven to fifteen years, drove around DeQueen and neighboring areas in Martin's Ford king cab truck. The victim testified appellant (the driver) was also drinking beer and driving recklessly. The victim testified the entire group drove to the Martin house around 7:00 or 8:00 p.m. and she then asked her mother for permission to ride with appellant to take the other passengers home. The testimony of the other passengers was they were

home no later than 9:00 to 9:30 p.m., leaving only the victim and appellant in the Ford truck.

The victim testified that, after the other passengers had been dropped off, she began to drive and at appellant's direction she drove down a dirt road to a place where appellant and some of his friends used to go, pulled off the road, turned off the truck and put it in park. The victim testified appellant then put his hand between her legs and told her "all he wanted to do was eat me." The victim testified she told appellant to leave her alone and appellant replied if the victim did not go along with him, he would kill her. The victim testified appellant pulled her over to his lap, kissed her, undressed her and himself, and then performed oral sex on her. The victim testified appellant then placed her in the back seat of the king cab where she lay on her back, appellant got on top of her, "stuck his penis inside of me," sucked her breasts and, finally, forced her to simultaneously perform oral sex on him while he performed oral sex on her.

The victim testified appellant told her to say they had a flat tire to account for arriving home so late. The victim testified she relayed the flat tire story to her mother upon returning to the Martin house at approximately 10:30 p.m., told Chad Smith what "[appellant] did to me", took a bath and was asleep on the mattress in the living room about 11:00 p.m. Chad Smith testified the victim told him "Kenny raped me" after she returned home that evening.

The victim testified she went to school the following morning and reported the rape to her teacher, then to her school counselor, and then to a representative of the State's Department of Human Services, Child Welfare Division. The testimony of the teacher and school counselor confirmed the victim told them about her rape the evening before.

Dr. Susan Couture, a board-certified physician in the fields of internal medicine and pediatrics, was admitted as an expert witness regarding medical matters. She testified she examined the victim on the day after the rape. She testified her examination revealed a bruise in the lower part of the victim's back as well as a superficial scratch, a small bruise on her inner thigh, and two tears in the victim's hymen. She testified her examination was consistent with penetration of the victim "most likely

within 24 to 48 hours" and the results of her examination were consistent with the victim's statement to her that the victim had been raped the night before.

We have repeatedly held the uncorroborated testimony of the rape victim is sufficient to uphold the defendant's conviction for rape. *See, e.g., Lukach*, 310 Ark. 119, 835 S.W.2d 852. In this case, the victim testified appellant committed the rape. Although corroboration was not required, the testimony of Dr. Couture and Chad Smith, in fact, corroborated the victim's testimony.

On appeal, appellant raises arguments based on the credibility of the witnesses, including conflicting testimony. We have held many times the determination of these issues is left to the trier of fact. *Lukach*, 310 Ark. 119, 835 S.W.2d 852; *Mann v. State*, 291 Ark. 4, 722 S.W.2d 266 (1987). The jury judged the credibility of the victim's testimony and returned a guilty verdict. The evidence is substantial and therefore sufficient to support the verdict.

## ADMISSIBILITY OF CHAD SMITH'S TESTIMONY UNDER EXCITED UTTERANCE EXCEPTION

On direct examination, Chad Smith was allowed to testify the victim told him "Kenny raped me." Appellant argues this statement was inadmissible hearsay not within the excited utterance exception in A.R.E. Rule 803(2). We conclude appellant did not preserve his argument by timely objection at trial, and we are precluded from reviewing this issue on appeal. A.R.E. Rule 103(a).

A summary of the events at trial pertinent to the introduction of the challenged statement is useful in our review. Chad Smith was called as the State's second witness, his testimony having been preceded by opening statements of counsel and the testimony of the State's first witness, Officer Ray Gentry, Sevier County deputy sheriff, regarding his investigation of the rape.

The State then called Chad Smith, whereupon counsel for appellant requested a bench conference. A conference followed immediately between counsel for the State, counsel for appellant, and the trial judge. At the bench, counsel for appellant

informed the trial court that appellant was unaware the State intended to call Chad Smith since he was listed as a defense witness, but had no objection to the State calling this witness except that if the State asked the witness about statements made by the victim, appellant objected on hearsay grounds. The following colloquy ensued:

> THE COURT: It sounds like to me if what [Chad Smith] is going to say is what they said in opening statement that was immediately after this incident that it would be an excited utterance and it would be an exception to the hearsay rule.

> MS. JONES [for defense]: Your Honor, the excited utterance has to fall very close behind —

> MR. WRIGHT [for State]: No. As soon as they got through with the rape they went directly to the house and we're talking about ten minutes.

> MS. JONES: She didn't hit the door and run to Chad.

> THE COURT: I'm going to overrule your objection. I believe it is excited utterance based on what I've heard about it so far.

We conclude this ruling by the trial court was simply a preliminary or qualified ruling on the admissibility of the victim's out-of-court declaration to Chad Smith, subject to the introduction of evidence sufficient to support a final ruling on the matter. The preliminary nature of the trial court's ruling is manifested by its timing and its language. At the time the ruling was made, there had been no proffer of Chad Smith's testimony. The witness had not yet taken the stand, been asked any questions, or given any foundation testimony pertinent to the availability of the excited utterance exception. At that point in the trial, based on statements of counsel, the trial court could only anticipate that Chad Smith's testimony might include hearsay statements potentially admissible under the excited utterance exception. Accordingly, the trial court specifically framed its ruling in terms of the limited record before it, stating: "I believe it is excited utterance *based on what I've heard about it so far*" (emphasis added).

■ On direct examination of Chad Smith, after concluding its foundation questions, the State then asked the witness what the victim said to him. Appellant did not object to the question, nor did he renew or request a final ruling on his previous objection on this issue. Appellant did not move to strike the hearsay testimony. Based on the foregoing, we conclude appellant failed to make a timely objection at trial to the admission of the challenged statement, thus precluding appellant from raising this issue on appeal.

## SENTENCING AS HABITUAL OFFENDER — USE OF PRIOR CONVICTION POLK COUNTY CIRCUIT COURT #CR-77-29

Appellant argues the trial court erred in using his 1977 burglary conviction in the Polk County Circuit Court, Docket #CR-77-29, in determining appellant's sentence here as an habitual offender pursuant to Ark. Code Ann. § 5-4-501 (Repl. 1993).

■■ A prior conviction cannot be used to enhance punishment unless the defendant was represented by counsel or validly waived counsel. *Stewart* v. *State*, 300 Ark. 147, 777 S.W.2d 844 (1989). In the event the record of the prior conviction does not show the defendant was represented by counsel, a presumption arises the defendant was denied assistance of counsel and the conviction cannot be used to enhance punishment under our habitual offender provisions. *Id.* The State has the burden of proving a defendant's prior conviction. On appeal, the test is whether there is substantial evidence the defendant was previously convicted of the felony in question. *Id.*

Prior to trial, the State provided to appellant's counsel a copy of the uncorrected Arkansas Department of Correction commitment sheet for the challenged conviction. At trial, during an in-camera hearing held after the culpability stage of this bifurcated proceeding, the State provided to the trial judge and appellant's counsel a corrected copy of the Arkansas Department of Correction commitment sheet (the correction pertained to a matter not relevant to this discussion), and a copy of the Polk County Circuit Court's criminal court docket sheet for the challenged conviction. Both copies were certified by the Polk County Circuit Court Clerk's Office.

The copies of the uncorrected and corrected commitment sheet contained a blank space where the defendant's attorney should have been listed, and showed "George E. Steel, Jr." as attorney for the State. Both versions of the commitment document indicated the appellant pleaded "guilty" after withdrawing an initial plea of "not guilty."

The copy of the docket sheet contained a column headed "Attorneys." In that column, opposite the State's name was written the name "George Steel, Jr." and opposite the defendant's name was written the name "Bob Keeter." At the in-camera hearing, the trial judge inquired as to whether "Bob Keeter" was an attorney in Polk County, and appellant's counsel replied she believed he was.

Appellant objected to the certified copies of the corrected commitment sheet and the docket sheet because those documents had not been provided to his counsel by the State through discovery prior to trial. This argument is without merit. We recently held, in *Heard* v. *State*, 316 Ark. 731, 876 S.W.2d 231 (1994), no error was committed by the trial court when it examined original docket entries for proof of the defendant's representation by counsel at a prior conviction in sentencing the defendant as an habitual offender where the State had supplied the defendant with a "pen pack" for each prior conviction which did not reflect the defendant had an attorney in each case. The defendant there objected because the docket entries were not supplied to defense counsel prior to the sentencing phase of trial. We determined that objection to be meritless since the defense had been put on notice the State was going to ask for sentence enhancement because of the prior convictions and should have anticipated the pen pack's deficiency regarding prior representation being corrected.

In his brief, appellant relies upon *Tims* v. *State*, 26 Ark. App. 102, 760 S.W.2d 78 (1988), *supp. op. on reh'g*, 26 Ark. App. 106-A, 770 S.W.2d 211 (1989), and *Neville* v. *State*, 41 Ark. App. 65, 848 S.W.2d 947 (1993), and also objected to the documents as ambiguous concerning the prior representation issue. We do not address this argument because it is raised for the first time on appeal. *Oliver* v. *State*, 312 Ark. 466, 851 S.W.2d 415 (1993).

### SENTENCING AS HABITUAL OFFENDER — USE OF PRIOR CONVICTION JOHNSON COUNTY CIRCUIT COURT #CR-76-48

Appellant next argues the trial court erred in using his 1976 conviction for First Degree Carnal Abuse in the Johnson County Circuit Court, Docket #CR-76-48, in determining his sentence here as an habitual offender. Appellant objects to the form of the certification used by the Johnson County Circuit Clerk for the copy of the trial court's judgment which was presented as proof of the challenged conviction.

The Johnson County certificate form reads as follows:

CERTIFIED TRUE COPY
/S/ (JANE BIRKHAHN)
JANE BIRKHAHN, CIRCUIT CLERK,
JOHNSON COUNTY, ARK.

The Circuit Clerk's certificate and impressed seal is set forth in the lower left hand corner of a date-stamped "filed" copy of the trial court's judgment for the challenged conviction.

Appellant argues the Johnson County Circuit Clerk's format is insufficient proof of the conviction because it does not state the copy is a true and correct copy of the original, when the original was filed, or when the certified copy was prepared. Appellant cites no authority for this argument.

Our statute governing proof of previous convictions for sentencing enhancement provides a previous conviction or finding of guilt of a felony may be proved by any evidence that satisfies the trial court beyond a reasonable doubt the defendant was convicted or found guilty. Ark. Code Ann. § 5-4-504 (Repl. 1993). Subsection (b) of the statute provides further: "(b) The following are sufficient to support a finding of a prior conviction or finding of guilt: (1) A certified copy of the record of a previous conviction or finding of guilt by a court of record[.]"

The Johnson County Circuit Clerk certified the copy of the previous conviction record as a true copy. Therefore, we hold the State sufficiently proved this prior conviction in compliance with section 5-4-504(b)(1).

## RAPE SHIELD STATUTE

Appellant next argues the trial court erred in refusing to admit evidence of the victim's prior sexual conduct. We affirm the trial court's ruling on this issue.

The admissibility of a rape victim's prior sexual conduct is determined pursuant to the procedures set forth in Ark. Code Ann. § 16-42-101 (Repl. 1994) (the "Rape Shield Statute"), and is discretionary with the trial court. *Laughlin* v. *State*, 316 Ark. 489, 872 S.W.2d 848 (1994). In evaluating the admissibility of such evidence under the statute, the trial court determines whether the probative value of the evidence outweighs its inflammatory nature. *Drymon* v. *State*, 316 Ark. 799, 875 S.W.2d 73 (1994). The trial court is given a great deal of discretion in ruling whether prior sexual conduct of a prosecuting witness is relevant, and we do not overturn its decision unless it constituted clear error or a manifest abuse of discretion. *Id.; Gaines* v. *State*, 313 Ark. 561, 855 S.W.2d 956 (1993).

In accordance with section 16-42-101(c), appellant filed a written motion on May 28, 1993 for an in-camera hearing to consider the admissibility of "relevant evidence of the victim's prior sexual conduct for the purpose of showing motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, lack of truthfulness, and contradiction in statements." This motion was heard in chambers on the day of the trial prior to the trial's commencement. No witnesses were called by appellant and no documents were offered. In short, no proffer of the "relevant evidence" was made. Hence it is impossible for us to consider the admissibility of this evidence on appeal. *Gaines*, 313 Ark. 561, 855 S.W.2d 956. We note appellant did not object to and does not appeal any issue relating to the adequacy of the in-camera hearing. Thus, that issue is not before us. *Laughlin*, 316 Ark. 489, 872 S.W.2d 848.

## MOTION FOR CONTINUANCE

Appellant's final argument is the trial court should have granted a continuance. Appellant's motion for continuance was filed on June 1, 1993, two days prior to the trial date, and heard at an in-camera proceeding held on the morning of the trial. On appeal, appellant argues the motion for continuance should have

been granted to permit appellant additional time to review a thirteen-page statement given by the victim to Ms. Marsteen Harris, a criminal investigator with the Arkansas State Police, and to review certain tape recordings mentioned in the statement.

A review of the transcript of the in-camera hearing on the motion identifies the thirteen-page statement as that given by the victim during an interview conducted by Ms. Harris on May 28, 1993. The transcript also reveals a copy of the statement was provided to appellant's counsel on June 2, 1993.

The burden is on the movant to show good cause for a continuance. A.R.Cr.P. Rule 27.3. The motion for continuance is addressed to the trial court's sound discretion. *Oliver* v. *State*, 312 Ark. 466, 851 S.W.2d. 415. The trial court's exercise of its discretion will not be reversed absent a showing of clear abuse of discretion; the burden of proving prejudice and an abuse of discretion belongs to the appellant. *Id.* Among the factors the trial court should consider in determining whether a continuance should be granted are the diligence of the movant and the probable effect and the relevance of the testimony at trial. *Id.*

We conclude appellant has failed to carry his burden to show prejudice in this matter. Appellant was provided with a copy of the thirteen-page statement on the day prior to the trial date. Moreover, the victim testified at the trial, and appellant made frequent references to the interview with Ms. Harris on cross-examination of the victim. With respect to the tape recordings, we observe they were never mentioned at trial and appellant fails to identify the nature and content of the tapes, and, therefore, to demonstrate any prejudice resulting from his failure to review them prior to trial. Finally, we note appellant agreed to the immediate trial date at the bond reduction hearing conducted three weeks prior to the trial date without conditioning that consent on the availability of further discovery from the victim or any other witness.

In accordance with Ark. Sup. Ct. R. 4-3(h) and Ark. Code Ann. § 16-91-113(a) (1987), we have examined the record and determined there were no rulings prejudicial to appellant.

Affirmed.