Edward C. JILES *v.* STATE of Arkansas

CA CR 01-1042 82 S.W.3d 173

Court of Appeals of Arkansas
Division IV
Opinion delivered June 5, 2002

44

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *Michael C. Angel*, Ass't Att'y Gen., for appellee.

TERRY CRABTREE, Judge. Appellant, Edward Jiles, appeals the sentence imposed on him by a Pulaski County Circuit Court jury. Appellant contends that the trial court erred in allowing the State to introduce into evidence three prior misdemeanor convictions during the sentencing phase of the trial. We affirm.

On May 15, 2001, the appellant was tried in Pulaski County Circuit Court, on charges of attempted first-degree murder and first-degree terroristic threatening. The jury convicted him of the lesser-included offense of aggravated assault and first-degree terroristic threatening. The State introduced two prior felony convictions during the penalty phase of the trial. These felony convictions were introduced as proof of appellant's status as an habitual offender with more than one, but less than four, prior felony convictions. The appellant did not object to the introduction of the prior felony convictions. The State also introduced three prior misdemeanor convictions out of the North Little Rock Municipal Court. One conviction was for endangering the welfare of a minor and the other two were for failure to appear. The counsel for the appellant objected to these prior misdemeanor convictions being allowed into evidence. Appellant argued that the State's proof, which consisted of a certified copy of a municipal court docket sheet for each prior misdemeanor conviction, did not show that the appellant had been represented by counsel in the misdemeanor convictions. The judge overruled the appellant's objections and allowed the jury to hear evidence of the prior misdemeanor convictions. The jury was instructed that they could impose a sentence of not more than twelve years of imprisonment on each conviction. The jury sentenced the appellant to nine years' imprisonment in the Arkansas Department of Correction for aggravated assault. The jury imposed the same sentence for the first degree terroristic threatening conviction. The jury recommended that the appellant serve the sentences consecutively;

however, the circuit court sentenced appellant to serve the sentences concurrently. The appellant appeals the sentence imposed on him by the Pulaski County Circuit Court jury.

Appellant raises one point on appeal. He contends that the trial court erred in allowing the State to introduce the three prior misdemeanor convictions during the penalty phase of the trial. Appellant argues that the certified docket sheets from the municipal court that were offered as proof by the State did not show that the appellant had been represented by counsel on any of the three prior misdemeanor convictions. On each of the certified municipal docket sheets there are two initials by "Pros. Atty." and two initials by "Def. Atty." Appellant asserts that the two initials are ambiguous and are not proof that the appellant was represented by counsel for any of the three misdemeanor convictions.

■ ■ In reviewing a trial court's decision to admit evidence of prior convictions, this court recognizes that the trial court has wide discretion in allowing such evidence to be presented, and we will not reverse such a decision absent an abuse of discretion. *McClish v. State,* 331 Ark. 295, 962 S.W.2d 332 (1998). Evidence relevant to sentencing may include, but is not limited to, prior convictions. Ark. Code Ann. § 16-97-103(2) (Repl. 1997).

Appellant asserts that the initials "B.B." and "T.B." next to "Def. Atty." are not sufficient proof that appellant was represented by counsel on these convictions. Although the State specifically stated that these misdemeanor charges were "not part of the habitual charge" in response to appellant's counsel alleging that appellant had to be represented by counsel before a conviction could be presented to the jury as an habitual charge, the appellant contends on appeal that the same rules apply to prior convictions not offered for sentencing enhancement purposes.

■ ■ Appellant argues that Ark. Code Ann. § 16-97-104 (Supp. 2001) requires that the State prove misdemeanor convictions introduced in the penalty phase of a trial in the same manner that felony convictions are proved for habitual offender purposes pursuant to Ark. Code Ann. § 5-4-504 (Repl. 1997). It is settled law that a prior conviction cannot be used to enhance punishment

unless the defendant was represented by counsel or the defendant validly waived counsel. *Mangiapane v. State,* 46 Ark. App. 64, 876 S.W.2d 610 (1994). In the case at bar, the prior felony convictions were introduced by the State to prove habitual-offender status. Appellant did not object to these two prior felony convictions being introduced during the penalty phase of the trial. The State introduced the prior misdemeanor convictions as relevant evidence in the sentencing phase of the trial. This is permitted by Arkansas law as long as the relevant evidence is not unfairly prejudicial. Ark. Code Ann. § 16-97-101(2) (Repl. 1997); *McClish, supra.*

 The Arkansas Supreme Court has held that under the statute, uncounseled misdemeanor convictions can be introduced as "evidence relevant to sentencing," simply allowing the jury or the court to consider all relevant evidence when making a sentencing decision. *Davis v. State,* 330 Ark. 76, 87, 953 S.W.2d 559, 565 (1997). Arkansas Code Annotated § 16-97-101, however, does not mandate automatic enhancement due to prior misdemeanor convictions. *Id.* In this case, the State specifically stated that the misdemeanor convictions were not for the habitual charge. Also, prior misdemeanors cannot be used for habitual offender status, only prior felony convictions can be used to enhance sentencing. Ark. Code Ann. § 5-4-502 (Repl. 1997); *Lawson v. State,* 295 Ark. 37, 746 S.W.2d 544 (1988). Appellant argues that the proof offered by the State to prove that he was represented by counsel on the prior misdemeanor convictions was too ambiguous. There is no question that the appellant was convicted of the misdemeanors only whether the State proved he was represented by counsel on those convictions.

██ The certified dockets from the municipal courts that the State introduced each had two initials next to the notation "Def. Atty." However, the trial court did not address the issue of whether the initials were sufficient to prove legal representation of the appellant. The trial court held that the prior misdemeanor convictions were admissible because the applicable statute, Ark. Code Ann. § 16-97-103(2), was silent as to the need to prove legal representation on a prior misdemeanor conviction that is only being introduced as relevant evidence in the penalty phase of the

trial. We see no reason to address the ambiguity of the initials on the docket sheets because the trial court was correct in ruling that the proof of legal representation required under the habitual-offender statute did not apply to prior convictions introduced simply as relevant evidence during the sentencing phase of the trial. The prior misdemeanor convictions were clearly presented to the jury only as relevant evidence admissible during the penalty phase of a trial. The trial court did not abuse its discretion in allowing the prior misdemeanor convictions to be presented to the jury. We affirm.

JENNINGS and ROBBINS, JJ., agree.