Lawrence Clayton VERNON *v.* STATE of Arkansas

CA CR 81-59                                    621 S.W. 2d 17

Court of Appeals of Arkansas
Opinion delivered September 16, 1981

*Henry J. Swift*, for appellant.

*Steve Clark*, Atty. Gen., by: *Alice Ann Burns*, Asst. Atty. Gen., for appellee.

GEORGE K. CRACRAFT, Judge. The appellant, Lawrence Clayton Vernon, was found guilty of the criminal offense of theft by receiving in violation of Ark. Stat. Ann. § 41-2206 (Repl. 1977), and sentenced to nine years in the Department of Correction. It is from this judgment and the commitment order issued thereon by the trial court that the appellant brings this appeal. He urges five separate points of error. Only those facts necessary for an understanding of our ruling of each point of error alleged will be discussed herein.

I.

Danny Murrell testified that he had stolen some gold jewelry and that he and Sonny Barch then sold the items to appellant, Vernon. Both testified that they informed Vernon that the property was stolen at the time of the purchase. Over the objection of appellant they were permitted to testify that they were paid the sum of $125 in cash and given three bags of marijuana and some LSD in exchange for the stolen property. The appellant, while admitting in his brief that the evidence was relevant or "part of the res gestae as being part of the alleged consideration for the purchase," contends that it was not necessary to mention the controlled substances as the cash purchase price in excess of $100 had already been established, and that the additional evidence merely "provided a danger of prejudice."

We cannot agree. This evidence was admissible because it tended to establish the entire criminal transaction. Where acts are intermingled and contemporaneous with one another, then evidence of any and all of them is admissible to show the circumstances surrounding the whole criminal episode. *Polk* v. *State*, 252 Ark. 320, 478 S.W. 2d 738 (1972). While evidence of other crimes with which a defendant has not been charged are not ordinarily admissible, there are exceptions. While evidence of separate and isolated crimes, having no bearing on the charge under investigation may not be shown, evidence showing all of the circumstances connected with the particular crime charged may be shown,

even if in so doing other criminal offenses are brought to light. *Russell & Davis* v. *State*, 262 Ark. 447, 559 S.W. 2d 7 (1977).

## II.

The appellant next contends that the trial court erred in permitting the introduction of evidence that on two prior occasions the appellant had purchased property from the witness which he knew was stolen, and made payment in marijuana or LSD. The court admitted the testimony under Rule 404(b) Uniform Rules of Evidence, for the sole and only purpose of showing motive, opportunity, intent, preparation, plan or lack of knowledge or mistake. The court gave cautionary instructions in which the jury was informed of the limited purpose for which that evidence might be considered.

We cannot say that it was error to admit the evidence. Where there is a question whether the crime was with guilty knowledge, evidence of other acts under similar circumstances is admissible as tending to show a system, design or guilty knowledge in the case on hand. *Caton & Headley* v. *State*, 252 Ark. 420, 479 S.W. 2d 537 (1972). The courts have also held that evidence of two or more crimes so related to each other as to show a general plan to deal in stolen goods is admissible. *Long* v. *State*, 192 Ark. 1089, 97 S.W. 2d 67.

Appellant contends that it was objectionable to permit testimony with regard to the controlled substances in payment for the earlier sales. We do not feel that under the circumstances here present the court erred in permitting the testimony. It was the position of the State that part of the consideration paid for the stolen goods for which appellant was specifically charged was delivery of a controlled substance. It was therefore permissible for the State to introduce evidence tending to show the method of procedure and medium of exchange used in appellant's general plan and course of dealing. *Singer* v. *State*, 195 Ark. 345, 112 S.W 2d 426. We find no merit to this contention.

## III.

The appellant next argues that the court erred in failing to give a cautionary instruction at the time the testimony objected to in point two was admitted. The record reflects that during the argument in chambers the court indicated that he would permit the introduction of the testimony under Rule 404(b) Uniform Rules of Evidence, and give a "proper cautionary instruction at the proper time." At that time the court asked counsel if he desired to have the instruction given at the close of the State's case or at the end of the trial. Counsel indicated he would like to have it at both times. Both instructions told the jury that the evidence of previous similar offenses had been admitted into evidence for a limited purpose "and may be considered by you for the purpose of showing defendant's motive, design, habits and practices, guilty knowledge, mode and method of operation and for no other purpose. You may not consider such evidence as any evidence whatsoever tending to establish the guilt of the offense for which he is being tried." After giving the instruction the court asked appellant's counsel if that was satisfactory. Counsel answered it was. No other objection was made nor did counsel request of the court any further action. We find no error in the timeliness of the cautionary instruction.

## IV.

The appellant next contends that the court erred in permitting the State to cross-examine the appellant concerning prior purchases of alleged stolen property from convicted felons. While the appellant was questioned on direct examination and denied knowing or having knowledge that the items in question had been stolen, he testified that he had never bought any stolen property. The State on cross-examination inquired as to specific sales from persons said to have been convicted felons. Appellant denied these transactions but made no objection at the time. He objects for the first time in this court contending that the three-fold test in *Gustafson* v. *State*, 267 Ark. 278, 590 S.W. 2d 853 (1979), had not been met. The appellant concedes that there was no objection to the cross-examination of the appellant

which he now challenges as improper. This court has on numerous occasions declared that it will not consider objections to evidence which are advanced for the first time on appeal. *Parker* v. *State*, 266 Ark. 13, 582 S.W. 2d 34 (1979).

## V.

The appellant finally contends that the trial court erred in permitting the State in closing argument to make improper statements that the defendant was a "drug dealer" and a "fence" and that he "ought to be removed from the streets to prevent him from his continued sales of narcotics to teenagers." The record reflects that the defendant made an objection to the statements of the prosecuting attorney, which the court sustained, and immediately admonished the jury to disregard those statements in determining the defendant's guilt. The record does not indicate that the appellant moved for a mistrial or asked any other action of the court than that which was taken. We find no merit in this contention.

We affirm.

CORBIN and GLAZE, JJ., dissent.

TOM GLAZE, Judge, dissenting. I respectfully dissent. More specifically, I disagree with the majority's decision that the court did not err in permitting the State to cross-examine appellant concerning prior purchases of alleged stolen property from convicted felons. On cross-examination, the appellant was asked questions concerning six alleged incidents involving the purchase of stolen guns, watches and a stereo. These six alleged purchases were from five separate individuals on separate occasions. The appellant denied each question and incident propounded by the prosecuting attorney.

Admittedly, appellant's counsel did not object to any of the foregoing cross-examination. I believe, however, that we are obligated under Rule 103 (d) of the Uniform Rules of Evidence to take notice of errors which affect substantial rights although they were not brought to the attention of the

court. See *Wicks* v. *State*, 270 Ark. 781, 606 S.W. 2d 366 (1980). When the State presented its case in chief, it presented a witness who testified, over objection, that the appellant on two prior occasions purchased property which he knew was stolen. The majority in its opinion affirmed the trial court's admission of this testimony under Rule 404 (b) of the Uniform Rules of Evidence. *In toto*, our court has affirmed a trial court decision which permitted the State to introduce evidence of two unrelated, prior offenses, plus allowing the State to cross-examine the appellant regarding six other prior, unrelated alleged offenses. If this is not the classic "overkill" in prosecuting a case, I doubt that we will ever be faced with one.

In *Gustafson* v. *State*, 267 Ark. 278, 509 S.W. 2d 853 (1979), the Supreme Court recognized that Rule 608 (b) of the Uniform Rules of Evidence was intended to restrict the use of this type of information and evidence, especially in a criminal case. The use of such information can be highly prejudicial to a defendant in a criminal case and the *Gustafson* court clearly stated that three conditions must exist before this criminal information can be used on cross-examination. The trial court did not consider any of the conditions noted in *Gustafson*, and it clearly did not balance the probative value of the questions posed by the prosecutor against the prejudicial effect of the questions.

It is my firm opinion that the appellant was prejudiced by the evidence introduced by the State in its case, and the questions propounded to the appellant on cross-examination concerning the eight unrelated, prior, alleged offenses. If our court did not decide under these circumstances that the probative value of this type evidence and information was not substantially outweighed by any prejudicial impact, I am dubious that we ever will.

For these reasons, I would reverse.