James C. WALTERS *v.* STATE of Arkansas

CR 84-72                                                                    690 S.W.2d 122

Supreme Court of Arkansas
Opinion delivered May 28, 1985

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: Theodore Holder, Asst. Att'y Gen., for appellee.

PER CURIAM. Petitioner James C. Walters was found guilty by a jury of kidnapping and sentenced as a habitual offender with four prior felony convictions to a term of 60 years imprisonment in the Arkansas Department of Correction. We affirmed. *Walters v. State*, 283 Ark. 243, 675 S.W.2d 364 (1984). Petitioner now seeks permission to proceed in circuit court for postconviction relief pursuant to A.R.Cr.P. Rule 37 on the ground of ineffective assistance of counsel at trial and on appeal.

Petitioner contends that his attorney and the prosecutor misled the trial court into accepting inadequate proof of his prior felony convictions. He denies being the same James Clifton Walters named on the records of the prior convictions and argues that, even if this Court finds adequate proof of his identity, two of the convictions were juvenile offenses and the record of one of those is uncertified.

The State produced evidence that petitioner had been convicted of the following crimes:

1973, California, grand theft;
1973, California, burglary;
1978, Missouri, rape; and
1983, Missouri, forgery.

Because petitioner was 19 in 1973 he was committed to the California Youth Authority upon being convicted of grand theft and burglary. The commitment specifies that both offenses were felony offenses. The sentences, the length of which are not designated on the commitment, were ordered served concurrently. Under California law, petitioner may have been eligible to have the two felony convictions made misdemeanors upon honorable discharge from the Youth Authority. Calif. Ann. Pen. Code § 17 (1970). The certified record introduced at trial, however, reflects that petitioner was *dishonorably* discharged, "whereabouts unknown," in 1977, and petitioner has provided nothing in

this petition to show that the felony convictions were reduced to misdemeanors. More importantly, even if a youthful offender's prior convictions were completely expunged, the convictions may be used under Arkansas law to enhance sentence as a habitual offender. *Gosnell* v. *State*, 284 Ark. 299, 681 S.W.2d 385 (1984).

■ With regard to the identification of petitioner as the man named in the records of the prior convictions, we find adequate proof of identification for the four convictions used to enhance sentence. Petitioner's date of birth appears on the records concerning the California convictions and the 1978 Missouri rape conviction. The records on the 1978 conviction also contain a photograph and fingerprints. Petitioner contends that counsel was remiss in not calling a fingerprint expert to testify on whether the fingerprints in the Missouri records are his, but there is no requirement that proof of identity be proven by fingerprint analysis.

■■ Although, the record of the 1983 Missouri forgery conviction does not provide any means of identification except petitioner's name, we have held that if the State offered evidence of a previous conviction of one of the same name, then a prima facie case was made of the previous conviction. *Leggins* v. *State*, 267 Ark. 293, 590 S.W.2d 22 (1979); *Higgins* v. *State*, 235 Ark. 153, 357 S.W.2d 499 (1962). The name "James Clifton Walters" is the same name that appears on the California commitments and is the same name as that used by petitioner at trial. Petitioner's bare assertion that he is a different man does not establish that counsel erred in not challenging the proof of identity.

■ Petitioner's final allegation is that counsel on appeal should have raised the issues in this petition on appeal. There were no objections to preserve the questions for appeal, but even if there had been, petitioner has not shown that the issues have merit.

Petition denied.