Freddie Lee ROBINSON *v.* STATE of Arkansas

CR 93-297                                    861 S.W.2d 548

Supreme Court of Arkansas
Opinion delivered September 27, 1993

---

*G. Keith Watkins*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Freddie Lee Robinson, was charged by felony information with committing the first degree murder of Tony Harper and the second degree battery of Anthony Brown. An Independence County jury convicted appellant of second degree murder and second degree battery. The trial court entered an order sentencing appellant as an habitual offender to serve concurrent terms of 40 years and 15 years at the Arkansas Department of Correction. For reversal of the judgment, appellant asserts two points of error. We find no merit and affirm.

Appellant first contends the trial court abused its discretion in granting the state's motion in limine to exclude evidence of altercations with persons other than the victims. Appellant proffered evidence showing he had been beaten on two previous occasions in Independence County by persons other than the victims in the current case; that he suffered serious bodily injuries on both occasions; that after one of the altercations, appellant suffered a head injury causing him to be hospitalized locally for two hours and then transported by helicopter to a trauma treatment center in Memphis; that both altercations were reported to law enforcement officers and the prosecuting attorney; that no further investigations were made and no charges were filed as a result of the two altercations.

Appellant's defense to the crimes charged was justification. He argues these prior altercations with others would be relevant to show his state of mind — the need to defend his life — during the incident giving rise to this case. The trial court stated the facts surrounding the two altercations were probative of appellant's subjective fear. However, the two altercations were separate from the one being tried and thus the trial court ruled the probative value was outweighed by the unfair prejudice of misleading and confusing the jury. The trial court therefore excluded all evidence, from sources other than appellant, relating to the two prior altercations.

Appellant claims the trial court's ruling was an abuse of discretion for three reasons. First, he argues the ruling is inconsistent because it allows one witness (himself) to testify as to

the two altercations, but prevents other witnesses (the proffered witnesses, including two law enforcement officers and an emergency room physician) from testifying to the same two events. Second, he argues the ruling violates his constitutional rights by forcing him to testify against himself in order to present his defense. Third, he argues the ruling violated his constitutional rights further because it prevented him from calling witnesses on his own behalf.

We do not address the constitutional arguments because the record before us does not indicate they were presented to the trial court. The denial of any right, even a constitutional one, must be objected to at trial to be preserved for appeal. *Kittler* v. *State*, 304 Ark. 344, 802 S.W.2d 925 (1991). Constitutional objections and fundamental constitutional rights can be waived if not adequately preserved for appeal. *Collins* v. *State*, 308 Ark. 536, 826 S.W.2d 231 (1992).

Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Ark. R. Evid. 403. As with other evidentiary determinations, the balancing of probative value against prejudice is a matter left to the trial court's sound discretion, and its decision on such a matter will not be reversed absent abuse of that discretion. *Bennett* v. *State*, 297 Ark. 115, 759 S.W.2d 799 (1988). Appellant took the stand and testified that the unrelated altercations caused him to fear for his safety in the instant case and that he acted in self defense. A defendant may put on evidence of specific prior acts of a victim to demonstrate that the victim was the aggressor. *Smith* v. *State*, 273 Ark. 47, 616 S.W.2d 14 (1981). As the challenged evidence did not concern the victims, we cannot say the trial court abused its discretion in excluding the proffered evidence.

Finally, appellant claims he was erroneously sentenced under the habitual offender statute. Appellant reasons that the records of three of the six prior convictions did not reflect he was represented by counsel at the time of pleas to the offenses. This court has held that a record of a prior conviction may be used for enhanced sentencing purposes if the record of such conviction

shows on its face that the accused was represented by counsel at the time of the plea. *Lovell* v. *State*, 283 Ark. 425, 678 S.W.2d 318 (1984); *Ply* v. *State*, 270 Ark. 554, 606 S.W.2d 556 (1980).

■ Appellant did not abstract the judgments of the prior convictions nor any other record of them. Although he did abstract the trial court's ruling on each conviction, we have no abstract of the actual convictions from which to review the accuracy of the trial court's rulings. We have said many times, in cases not involving the death penalty or life in prison, we will confine our review to the record which has been abstracted in the briefs of the parties. *Watson* v. *State*, 313 Ark. 304, 854 S.W.2d 332 (1993). We do not depart from this long standing rule of the court.

The judgment of conviction is affirmed.