Robert Lynn SMITH v. STATE of Arkansas

CR 93-372                                    862 S.W.2d 234

Supreme Court of Arkansas
Opinion delivered September 27, 1993

242

*R. Brent Crews*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Cathy Derden*, Asst. Att'y Gen., for appellee.

Tom Glaze, Justice. Robert Lynn Smith appeals his conviction for delivery of cocaine. His sole point for reversal is that, contrary to Ark. R. Evid. 404(b), the trial court impermissibly allowed into evidence proof of bad acts of the accused.

In this case, Smith was charged with having sold cocaine to an undercover officer, Phillip Crutchfield, on December 29, 1990. Prior to trial, Smith explained to the trial court that he had three other cases pending in which he had been charged with past drug dealings with Crutchfield and such events purportedly took place in 1990 on November 30th, December 3rd and December 8th. He asked the trial judge to prohibit the prosecutor from eliciting testimony from Crutchfield concerning the earlier drug transactions. The prosecutor responded, saying Rule 404(b) permitted him to ask Crutchfield about these earlier events in order to establish Smith's identification as the perpetrator of the December 29 crime. The trial court denied Smith's motion, but warned the prosecutor "not to waive the files in front of the jury."

Actually, the prosecutor at trial limited his questions to Crutchfield as follows:

Q: [I]f you will, listen very carefully. I don't want to know what you did other than let me ask you, on December 8th, 1990, did you have occasion to see this defendant seated to my left?

A: You said the 8th? Yes, I did.

BY MR. CREWS: Object, Your Honor, renew my previous objection to this line of questioning.

BY THE COURT: Overruled.

Q: And on November 30th, 1990, did you have occasion to see the defendant seated to my left over here?

A: Yes, I did.

Q: Okay. So you were quite familiar on December 29th, 1990 with this defendant, is that correct?

A: Yes.

As can be seen by the colloquy above, Crutchfield never mentioned having bought or sold cocaine or any controlled substance from Smith on the three prior dates, so no evidence of other crimes, wrongs or acts was introduced by the state. Although Smith contends the prosecutor's questions were unnecessary because Smith later testified that he knew Crutchfield, the state had its own case to prove and it had no assurance that Smith would testify in his case-in-chief.[1]

█ Because the state's examination of Crutchfield did not involve other crimes, wrongs or acts by Smith, we conclude Rule 404(b) was not violated, and Smith's conviction should be affirmed.

---

[1] Smith mentions in his argument that the state, on cross-examination, asked him whether he had sold cocaine to Crutchfield on the three prior dates, and while Smith denied having done so, he claims this was a thinly veiled attempt to circumvent Rule 404(b). First, no objection was made to the state's cross-examination bearing on this point. Second, the state's cross-examination of Smith simply cannot be equated to an offer of prior bad acts under Rule 404(b).