John Wayne HALBROOK *v.* STATE of Arkansas

CR 94-1043                                                891 S.W.2d 379

Supreme Court of Arkansas
Opinion delivered January 30, 1995

*William R. Simpson, Jr.,* Public Defender, by: *C. Joseph Cordi, Jr.,* Deputy Public Defender, for appellant.

*Winston Bryant,* Att'y Gen., by: *Gil Dudley,* Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. John Wayne Halbrook, the appellant, was convicted of two counts each of kidnapping, theft, and aggravated robbery. He was sentenced as an habitual offender with more than four prior felony convictions to a total of 265 years imprisonment. His sole point of appeal is that the Trial Court erred in declining to suppress the identification of him by the two victims during the trial. As Mr. Halbrook made no objection during the trial to the testimony of the victims identifying him as their assailant, we affirm.

The charges all arose from an incident involving Mr. Halbrook and two women. The women testified that, as they were about to enter the car of one of them after having dinner at a downtown Little Rock hotel restaurant, Mr. Halbrook accosted them with a large knife. He held it to the throat of one of them and forced her into the driver's seat of her car. The other woman

got into the passenger seat out of fear that if she did not do as Mr. Halbrook said her friend would be killed. She felt one of them alone would have no chance to survive but two might.

Continuing to wield the knife from the back seat and actually cutting the face and neck of one of the victims, Mr. Halbrook forced the women to drive about Little Rock in a search for $900 which Mr. Halbrook demanded from them. They went to automatic teller machines, and grocery and convenience stores. The victims got some money from the teller machines and gave it to Mr. Halbrook. They ultimately escaped from him at a convenience store in which one of the women was to cash a check. When it appeared to Mr. Halbrook that the victim who had entered the store was alerting store personnel to her situation, he came over the back of the front seat of the car, and the other victim was able to escape from the car, injuring herself in the process. Mr. Halbrook drove away in the car and was later apprehended.

At a pretrial suppression hearing evidence was heard with respect to whether a police lineup, at which Mr. Halbrook was identified quickly and positively by one of the victims and as a "look alike" by the other victim, was improperly suggestive. Mr. Halbrook had been described by the victims as a light skinned African American with freckles. A copy of a photograph of the lineup shows six African American males of varied complexions. Mr. Halbrook was the one with the lightest skin. The motion to suppress was denied.

At the trial no objection was made to the testimony of either of the victims positively identifying Mr. Halbrook as their attacker. The victim who was driving the car said she could see him in her rear view mirror during the two-hour ordeal. Although the incident occurred after dark, the light was sufficient for her to see his face which she could "never forget." The other victim said all she could see was his profile because he threatened to kill her when she looked back at him, but she was positive in her identification.

■■ We have not been favored with an abstract of Mr. Halbrook's suppression motion. We do have in the abstract the testimony taken at the suppression hearing which, as stated above, concerned the suggestiveness of the pretrial lineup identification. We have no abstract of the Trial Court's decision on the

motion to suppress, but there is an "abstractor's note" stating only that "The court denied the motion to suppress the physical lineup." Be that as it may, the identification at the trial of Mr. Halbrook by the victims was positive and unequivocal. Identification testimony may be sufficiently reliable to overcome the fact that a pretrial identification was made in a setting that was suggestive. *See Chism* v. *State*, 312 Ark. 559, 853 S.W.2d 555 (1993). Again, the point on appeal is that the "in-court identification" should have been suppressed, and yet no objection was made on that or any other basis to the trial testimony of the two victims in which they positively identified Mr. Halbrook.

In *Goins* v. *State*, 318 Ark. 689, 890 S.W.2d 602 (1994), and *Jackson* v. *State*, 318 Ark. 39, 883 S.W.2d 466 (1994), we were asked to reverse on the ground that the pretrial identifications were too suggestive, and thus evidence of them should not have been admitted at the trials. There was a motion to suppress which was denied by the Trial Court in each case. We declined to reverse in each instance on the ground that no objection was made at the trial to the introduction of the pretrial identification and thus the issue was not preserved for appeal.

The same rule applies here. The reliability of the identification becomes an issue at the trial if an objection is made. Otherwise, the matter is not preserved for appeal.

Affirmed.