Carroll Don NEAL *v.* STATE of Arkansas

CR 94-1343                                    898 S.W.2d 440

Supreme Court of Arkansas
Opinion delivered May 15, 1995

*Andrew J. Ziser*, for appellant.

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Carroll Don Neal was convicted of delivery of marijuana, possession of marijuana with intent to deliver, and possession of drug paraphernalia. He was sentenced as an habitual offender to 35 years in prison. Mr. Neal raises four points of appeal. (1) He contends Ark. R. Evid. 404(b) was violated by the admission into evidence of testimony about prior, uncharged drug sales. We hold the evidence was admissible to negate his testimony that the drugs found in a police search of his home had been "planted" there by some other person. (2) He argues an affidavit in support of a nighttime search was insufficient. We hold it was sufficient because it asserted that evidence was in danger of being lost if the search were not conducted immediately. (3) Mr. Neal contends the prosecutor misused the prosecutor's subpoena power. We do not reverse on that argu-

ment because no prejudice is shown. (4) Finally, he contends the Trial Court should not have permitted amendment of the information against him to charge he was an habitual offender on the basis of an expunged Kansas conviction. We hold the amendment was not improper. The judgment is affirmed.

In late 1992 and early 1993, the Carroll County Sheriff's Department investigated possible illegal drug activity at the home of Mr. Neal. In December 1992, a confidential informant purchased cocaine from Mr. Neal and recorded the transaction. On the evening of April 12, 1993, Lt. Hyatt of the Sheriff's Department arranged for two other confidential informants, Mitch Boyte and Randy Wagner, to attempt a marijuana purchase at Mr. Neal's home. Lt. Hyatt gave Mr. Boyte $60 in marked bills as buy money and outfitted him with a microcassette recorder.

Mr. Boyte testified that when he arrived at Mr. Neal's home, he accompanied Mr. Neal to the bedroom and a safe containing marijuana. Mr. Boyte arranged to buy marijuana for $50, gave Mr. Neal the three marked $20 bills, and received ten dollars in change. Mr. Boyte said he observed various items of drug paraphernalia and saw Mr. Neal sell marijuana to another man.

Mr. Boyte brought the marijuana and the tape to Lt. Hyatt. After listening to the tape, Lt. Hyatt made out an affidavit seeking a nighttime search warrant and presented it to Berryville Municipal Judge Kent Coxsey. In the affidavit, Lt. Hyatt set forth the circumstances of both the December 1992 cocaine transaction and the marijuana transaction that had occurred earlier that evening. He also stated facts showing reliability of the informants. In the final paragraph, he gave the reasons for his belief that a nighttime search was justified:

> It is further believed that the above described items are in danger of being removed from said premises or destroyed. A night time search warrant is needed because the marked money by its very nature is in imminent danger of being removed from the premises or otherwise disposed of. In addition, according to the statements of the informants there were a number of individuals at the residence who indicated that they were going to buy marijuana. Don Neal has indicated previously that he has sources of information which have alerted him to activities by the Carroll

County Sheriff's Office in relation to him. Based on these circumstances it is believed that any delay of the service of the warrant may result in the destruction of the evidence.

Judge Coxsey issued a search warrant and indicated that it was to be served at nighttime because the house to be searched was difficult of speedy access and the evidence to be seized was in imminent danger of destruction or removal.

Lt. Hyatt and other officers executed the warrant about 9:00 p.m. on April 12, 1993. As a result, marijuana and various items of drug paraphernalia were seized.

Prior to trial, Mr. Neal moved to suppress the evidence that was seized as a result of the search. He stated that the affidavit did not adequately justify the need for a nighttime search, and that the informants whose testimony provided the basis for the warrant were unreliable. The motion was denied.

### 1. Rule 404(b)

Prior to trial, Mr. Neal moved in limine to prevent the State from offering the testimony of several witnesses who said they had bought marijuana from him in the past. He argued the State sought to introduce that evidence only to prove his bad character and predisposition to commit this type crime and that it was inadmissible according to Rule 404(b). The State responded that the evidence was being offered for other, independently relevant reasons. First, the State noted that Mr. Neal had made a statement claiming the drugs recovered in the search were placed in his home without his knowledge. Indeed, he ultimately testified that two men he did not know came into his home and insisted they owed him $50 and he had one of them throw the money down just to get rid of him. Accordingly, the prosecutor argued that the prior acts would be used to prove that there was an absence of mistake. The State also argued the prior acts could be used to show method of operation. The Trial Court denied Mr. Neal's motion in limine and allowed testimony concerning marijuana buys after December 3, 1992, "since they can be used to show lack of mistake or *modus operandi.*"

The State argues Mr. Neal failed to preserve this argument for appeal because he did not make an objection at trial

contemporaneous with the testimony he considered objectionable. We treat the merits of the matter. When a motion in limine seeking to exclude evidence has been denied, the objection raised in the motion may be pursued on appeal without its having been renewed when the evidence was received. *Massengale* v. *State*, 319 Ark. 743, 894 S.W.2d 594 (1995).

The State now argues only that the evidence was admissible because it showed method of operation.

Rule 404(b) provides:

> (b) Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

We have strong doubts whether the evidence of prior drug sales was admissible to show a method of operation. *See Diffee* v. *State*, 319 Ark. 669, 894 S.W.2d 564 (1995). In view, however, of the defense asserted by Mr. Neal we have no hesitancy holding that the evidence was admissible. In *Sullivan* v. *State*, 289 Ark. 323, 711 S.W.2d 469 (1986), we wrote:

> We interpret Rule 404(b) as meaning that if the evidence of prior bad acts is relevant to show the offense of which the appellant was accused occurred, and is thus not being introduced to show only bad character, we will not exclude it. While we may not be able to tie the evidence specifically to proof of "motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident," if it has an independent relevancy we will regard it as being, in the words of the rule, "such as" one of those permissible objects of proof.

*See also Vernon* v. *State*, 2 Ark. App. 305, 621 S.W.2d 17 (1981).

In view of Mr. Neal's claim, which was made in his counsel's opening statement before the jury, that he had no knowledge of the presence of the marijuana in his home, the evidence of the prior sales was relevant to cast grievous doubt upon his testimony.

In his motion in limine, Mr. Neal included an argument that the introduction of the evidence would have a prejudicial effect which outweighed its probative value. Ark. R. Evid. 403. We agree the prejudicial effect was strong, but again in view of the defense Mr. Neal asserted, we cannot say the prejudice was unfair. The decision was within the Trial Court's discretion, *Robinson* v. *State*, 314 Ark. 243, 861 S.W.2d 548 (1993), and we cannot say that discretion was abused.

### 2. *Nighttime search*

Mr. Neal contends his motion to suppress the evidence, including bags of marijuana and drug paraphernalia, found in his home should have been granted because the search was illegal. He contends the affidavit supporting the warrant did not justify a nighttime search. In such instances we make an independent determination, based on the totality of the circumstances and reverse only if the Trial Court's ruling is clearly against the preponderance of the evidence. *Richardson* v. *State*, 314 Ark. 512, 863 Ark. 572 (1993); *Coleman* v. *State*, 308 Ark. 631, 826 S.W.2d 273 (1992).

Arkansas R. Crim. P. 13.2(c) provides that before a nighttime warrant is issued, the issuing judicial officer must have reasonable cause to believe that:

(i)   the place to be searched is difficult of speedy access; or

(ii)   the objects to be seized are in danger of imminent removal; or

(iii)   the warrant can only be safely or successfully executed at nighttime or under circumstances the occurrence of which is difficult to predict with accuracy;. . .

Our requirement is that, to serve as a proper basis for a nighttime search, the evidence presented to the magistrate from whom a nighttime search warrant is sought must be of facts justifying such a warrant rather than mere conclusions. *Hall* v. *State*, 302 Ark. 341, 789 S.W.2d 456 (1990).

The affidavit of Lt. Hyatt revealed his chief reason for requesting a nighttime search warrant was his concern that the marked money used by the confidential informants to purchase marijuana from Mr. Neal would be removed from Mr. Neal's

home. He stated that the informants said there were others present who indicated they were going to purchase marijuana. Judge Coxsey could easily have concluded that in the course of doing business the marked money might have been dispatched from Mr. Neal's home. We hold the nighttime search was justified on the ground that it was necessary to conduct the search as quickly as possible after the purchase the confidential informants reported they had made from Mr. Neal.

### 3. Prosecutor subpoenas

A prosecutor or deputy prosecutor may subpoena witnesses to appear before him or her with respect to matters being investigated. Ark. Code Ann. § 16-43-212 (Repl. 1994). Mr. Neal argues that the statutory power was violated because defense witnesses were subpoenaed several months after the charges were filed and only one month prior to the original trial date. He argues that the prosecutor's subpoena power is reserved strictly for investigative purposes, and that the use of this power so late in the proceedings constitutes a clear abuse of that power.

A prosecutor may subpoena witnesses to prepare for trial after charges have been filed as long as the power is not abused. *Todd* v. *State*, 283 Ark. 492, 687 S.W.2d 345 (1984). Mr. Neal does not give us a reason for holding there was an abuse in this case. As the State points out, he has neither alleged nor shown any prejudice resulting from alleged misuse of the prosecutor's subpoena power. In the absence of prejudice, we do not reverse. *Parker* v. *State*, 292 Ark. 421, 731 S.W.2d 756 (1987).

### 4. Expunged conviction

The information was amended to allege, and evidence was presented to show, that Mr. Neal was previously convicted in Douglas County, Kansas, of Concealing Property Subject to a Security Interest.

Mr. Neal argues the amendment to the information, made shortly before trial, was untimely. It is well settled that the State may amend an information up to a point after the jury has been sworn but before the case has been submitted to it, as long as the amendment does not change the nature or degree of the crime charged, if the accused is not surprised. *Kilgore* v. *State*, 313 Ark. 198, 852 S.W.2d 810 (1993).

Mr. Neal contends the Kansas conviction was subsequently expunged and should not have been used to enhance his sentence. In making this argument, he points out the similarities in the definitions of "expunge" and "pardon," and contends that, as we prohibit the use of a pardoned conviction to enhance a later sentence, an expunged conviction should also not be used for that purpose.

■ Although a pardoned conviction cannot be used to enhance a later sentence, *Duncan* v. *State*, 254 Ark. 449, 494 S.W.2d 127 (1973), our cases clearly support the use of an expunged conviction to enhance a sentence as an habitual offender. *Walters* v. *State*, 286 Ark. 166, 690 S.W.2d 192 (1985); *Gosnell* v. *State*, 284 Ark. 299, 681 S.W.2d 385 (1984).

Affirmed.

DUDLEY, BROWN, and ROAF, JJ., dissent.

ROBERT L. BROWN, Justice, dissenting. The majority affirms the introduction of myriad marijuana sales apart from the charge at issue for the reason that they are independently relevant under Rule 404(b). I disagree. As defense counsel argued in his motion in limine before trial, "Mr. Neal won't receive a fair trial if the jury hears twenty other incidents he's not being tried on and we're not prepared to defend on." The trial court denied the motion and stated that other marijuana buys could be used to prove lack of mistake or *modus operandi*. The majority opinion discounts those rationales and affirms for a different reason — independent relevancy. The majority opinion also refers to the fact that Neal's counsel denied selling marijuana in his opening statement. I do not believe that such a denial in opening statement should open the door to wholesale evidence of other crimes. Indeed, what defendant admits the crime in opening statement?

The following testimony was presented by the prosecutor in the State's case-in-chief: the testimony of Mitch Boyte (purchased marijuana from Neal 20 or 25 times and saw others buy 10 or 12 times), Jamie Edmondson (purchased marijuana from Neal and saw others buy marijuana from him), Mike Bryant (purchased marijuana from Neal 8 or 10 times), and John Shawn Bryant (purchased marijuana from Neal 30 or 40 times). Had Neal denied that he ever sold marijuana as part of his case, this

testimony would have been appropriate on rebuttal. *See Pyle* v. *State*, 314 Ark. 165, 862 S.W.2d 823 (1993). Alternatively, the prosecutor could have charged Neal with these sales and sought to join the various counts for trial. The prosecutor then would have had to show that the sales were part of a single scheme or plan, if severance was requested. *See* Ark. R. Crim. P. 22.2(a).

The landmark decision of *Alford* v. *State*, 223 Ark. 330, 266 S.W.2d 804 (1954), addresses using other bad acts to prove a crime:

> No one doubts the fundamental rule of exclusion, which forbids the prosecution from proving the commission of one crime by proof of the commission of another. The State is not permitted to adduce evidence of other offenses for the purpose of persuading the jury that the accused is a criminal and is therefore likely to be guilty of the charge under investigation. In short, proof of other crimes is never admitted when its only relevancy is to show that the prisoner is a man of bad character, addicted to crime.

223 Ark. at 333, 266 S.W.2d at 806. In dealing with the same issue that confronts us in this case, we have stated:

> In the case at bar the issue for the jury was whether Sweatt had sold LSD to Robbie White. Proof that Sweatt had sold marijuana on other occasions had no relevancy except to show that Sweatt had dealt in drugs before and hence was likely to have done so again. That is precisely the type of proof that must be excluded.

*Sweatt* v. *State*, 251 Ark. 650, 652, 473 S.W.2d 913, 914 (1971).

True, we have approved the admissibility of past drug sales in certain cases but only in the limited context of what the defendant told the prosecuting witness about other drug sales he had made *that night* (*Young* v. *State*, 269 Ark. 12, 598 S.W.2d 74 (1980) (res gestae)); or in the context of a previous drug sale made to the same prosecuting witness (*Scroggins* v. *State*, 312 Ark. 106, 848 S.W.2d 400 (1993) (intent)); or in the context of a previous comment the defendant made to the prosecuting witness about selling drugs (*Holloway* v. *State*, 293 Ark. 438, 738 S.W.2d 796 (1987) (intent)).

To me, what happened at this trial in the State's case-in-chief was prejudicial. Had Neal mounted denial as a defense in his case, the four witnesses would have been appropriate for rebuttal. See Pyle v. State, supra. But this is not what transpired.

I respectfully dissent.

DUDLEY and ROAF, JJ., join.