Odis Alfred CUPIT *v.* STATE of Arkansas

CR 95-455 920 S.W.2d 852

Supreme Court of Arkansas
Opinion delivered May 20, 1996

*Charlie L. Rudd,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Sandy Moll,* Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Odis Alfred Cupit engaged in sexual misconduct with his two very young granddaughters in 1993. In 1994 he pleaded guilty to and was convicted of five counts of sexual abuse in the first degree. After finding Mr. Cupit guilty, the Trial Court received a pre-sentence report and held a hearing with respect to the sentence. Mr. Cupit asked to be sentenced in accordance with Ark. Code Ann. § 16-90-803 (Supp. 1995), which provides presumptive sentences for felonies committed on or after January 1, 1994. Despite their inapplicability, the Trial Court considered the statutory guidelines. He then departed from them, following the procedure prescribed in Ark. Code Ann. § 16-90-804 (Supp. 1995). Mr. Cupit was sentenced to five years imprisonment for each offense with the sentences to run consecutively. He contends there should have been no departure from the guidelines and the sentences should have been ordered served concurrently. The judgment is affirmed.

Since the enactment requiring bifurcated felony trials, Ark. Code Ann. § 16-97-101 (Repl. 1995), we have clung to our rule generally disallowing appeals in guilty plea cases. *See* Ark. R. App. P. Crim. 1(a). That rule was restated in *Hill* v. *State,* 318 Ark. 408, 887 S.W.2d 275 (1994), but the Court also said it would "review ... nonjurisdictional issues such as the admission of testimony and evidence authorized by this new statute, which arose during the penalty phase of the trial...." (Presumably issues concerning jurisdiction would have been handled in connection with the guilt-innocence phase of the trial.) The following statement appears later in the *Hill* case opinion: "This position by no means indicates a willingness on our part to review the imposition of sentence simply where the defendant maintains his sentence is excessive, when in fact his sentence is within the range pr[e]scribed by statute for the offense in question."

Sexual abuse in the first degree is a Class C felony,

Ark. Code Ann. § 5-14-108 (Repl. 1993), which calls for a sentence range of not less than three years nor more than ten years imprisonment. Ark. Code Ann. § 5-4-401 (Repl. 1993). Mr. Cupit was sentenced to five years' imprisonment on each count. That is within the statutory range. In view of Mr. Cupit's plea of guilty, we decline to review his contention that the sentences given for the separate counts are excessive. We decline to review the decision to run the sentences consecutively because no objection was made to the Trial Court in that respect, *Halbrook* v. *State*, 319 Ark. 350, 891 S.W.2d 379 (1995); *Walker* v. *State*, 303 Ark. 401, 797 S.W.2d 447 (1990), and because the argument amounts to no more than an additional contention that the sentence was excessive.

Affirmed.

DUDLEY, J., not participating.