James A. McCLISH *v.* STATE of Arkansas

CR 97-506 962 S.W.2d 332

Supreme Court of Arkansas
Opinion delivered February 5, 1998

*Ben Beland*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

W.H. "DUB" ARNOLD, Chief Justice. This case is an appeal from the Sebastian County Circuit Court. The appellant, James

A. McClish, raises one point on appeal. Specifically, McClish contends that the trial court erred by denying his motion in limine and allowing the State to introduce, during the sentencing phase of McClish's aggravated-robbery trial, evidence of his prior Oklahoma deferred sentence and plea of nolo contendere to the offense of rape in the first degree. We find that the trial court did not abuse its discretion by permitting the introduction of the prior Oklahoma plea for sentencing purposes, and we affirm.

On December 17, 1996, a jury found McClish guilty of robbery. McClish was sentenced, pursuant to the Habitual Offender Act, Ark. Code Ann. §§ 5-4-501 to -506 (Repl. 1997), to the maximum permissible penalty of thirty years' imprisonment in the Arkansas Department of Correction. McClish's criminal record revealed two prior Arkansas felonies, namely, (i) a judgment, dated October 28, 1985, resulting from a guilty plea to the offense of breaking and entering, and (ii) a judgment and commitment order, dated September 15, 1992, resulting from a guilty plea to the offense of carnal abuse in the first degree.

Additionally, during the sentencing phase, the State introduced an imposition judgment and deferred sentence from the State of Oklahoma, dated July 31, 1989, resulting from McClish's plea of nolo contendere to the offense of rape in the first degree. As a result of his nolo contendere plea, the Oklahoma court deferred the imposition of a judgment and placed McClish on probation for two years. In Oklahoma, upon successful completion of probation, a defendant is discharged without a court judgment of guilt, the plea is expunged from the record, and the charge is dismissed with prejudice to any further action. *See* Okla. Stat. Ann. tit. 22 § 991c (1986 & Supp. 1998).

Discharge and expungement are automatic in Oklahoma, and a defendant need not take any affirmative action to have his record expunged. *United States v. Johnson*, 941 F.2d 1102 (10th Cir. 1991). Notably, the record is silent as to whether McClish satisfied his probation, triggering expungement, and no argument is advanced that McClish was ultimately pardoned on the ground of innocence. Assuming, *arguendo*, that McClish satisfied the terms of his probation and that his plea was expunged, we are left with

the instant appeal challenging the use of that plea in Arkansas during the sentencing phase of his aggravated-robbery trial.

In the absence of prejudice, Arkansas law permits the introduction of "additional evidence relevant to sentencing." Ark. Code Ann. § 16-97-101(2) (Supp. 1995); *Hill v. State*, 318 Ark. 408, 887 S.W.2d 275 (1994). Moreover, a trial court has wide discretion in admitting evidence of other crimes or wrongs, and its decision will not be reversed absent an abuse of discretion. *Hill*, 318 Ark. at 415; *Cupit v. State*, 324 Ark. 438, 920 S.W.2d 852 (1996). Evidence relevant to sentencing may include, but is not limited to, prior convictions. Ark. Code Ann. § 16-97-103(2) (Supp. 1995). In the instant case, we must point out that, regardless of whether the trial court erred by admitting the Oklahoma plea, McClish failed to demonstrate that the introduction of the plea had a prejudicial effect that outweighed its probative value. *See Neal v. State*, 320 Ark. 489, 494, 898 S.W.2d 440 (1995).

McClish suggests that he was prejudiced by the introduction of the Oklahoma plea because he received the maximum sentence for his offense. However, the trial court instructed the jury that McClish was an habitual offender because of his two prior Arkansas felonies and omitted any reference to the prior Oklahoma plea. Moreover, this Court has noted its unwillingness to review the imposition of a sentence simply where the defendant maintains that his sentence is excessive, when the sentence is within the range prescribed by statute for the offense in question. *Hill*, 318 Ark. at 414. Putting the Oklahoma prior conviction aside, McClish still qualified for habitual-offender treatment, and the jury had sufficient evidence with the two prior Arkansas felonies to support its verdict affixing McClish's sentence to thirty years, a sentence within the statutory range. Accordingly, the trial court did not abuse its discretion by sentencing McClish in accord with the jury's verdict.

We now turn to the merits of appellant's argument that his Oklahoma plea should not be admitted as evidence of a prior conviction relevant to sentencing. Significantly, although a pardoned conviction cannot be used to enhance a later sentence, Arkansas law permits expunged convictions to enhance a defend-

ant's sentence as an habitual offender. *Neal*, 320 Ark. at 496. Notably, even felony convictions completely expunged under the Youthful Offender Alternative Service Act of 1975 may be used to enhance a sentence as an habitual offender. *Gosnell v. State*, 284 Ark. 299, 681 S.W.2d 385 (1984); *Walters v. State*, 286 Ark. 166, 690 S.W.2d 122 (1985). In fact, this Court candidly stated in *Gosnell*, "We think it clear that an expungement does not exempt a youthful offender from responsibility for that offense under the habitual criminal laws." *Gosnell*, 284 Ark. at 300.

■ In support of its holding in *Gosnell*, this Court explained that while expunged convictions shall not affect a defendant's civil rights or liberties, and that he may state under certain circumstances that he has not been convicted of an offense, "it does *not* state that he is free to commit more felonies without accountability as an habitual criminal." *Gosnell*, 284 Ark. at 301. The public policy of expungement is intended to promote the offender's progress toward rehabilitation, to encourage him to apply for a job and to assert his civil rights, by registering to vote or running for office, but it is not intended to encourage him to commit another crime. *Id.* Such a conclusion, as that advanced by the appellant, prohibiting the use of an expunged plea during the sentencing phase of a later offense, is contrary to Arkansas law and to the overall legislative intent underlying expungement and sentencing. *See id.*

McClish also relies on the authority of *English v. State*, 274 Ark. 304, 626 S.W. 2d 191 (1981), to support his contention that his Oklahoma plea and probation did not amount to a prior conviction for purposes of habitual-offender sentence enhancement. Although *English* held that a "court probation" proceeding did not qualify as a prior conviction for habitual-offender purposes, the facts underlying the *English* decision are distinguishable from the instant case. In *English* the trial court refused to accept the defendant's guilty plea, while McClish's plea of nolo contendere was accepted by the Oklahoma court.

■ Moreover, in a compelling case discussing *English*, the Arkansas Court of Appeals held that a "court probation" was a previous conviction for purposes of the Habitual Offender Act,

where the defendant was placed on five years' statutory probation for each offense, docket sheets evidenced entry of the defendant's nolo contendere pleas, and there was no indication that the court refused to accept the pleas. *Stevens v. State*, 38 Ark. App. 209, 832 S.W.2d 275 (1992). The defendant in *Stevens*, like McClish, relied on the authority of *English*. The evidence in *Stevens* demonstrated that the defendant's pleas of nolo contendere were accepted, and there was no indication that the trial court refused to accept the pleas, informally or otherwise. Here, the July 31, 1989, judgment of the District Court for Leflore County, Oklahoma, evidences that McClish's plea of nolo contendere was accepted by that court and that McClish was placed on two years' probation. Applying the reasoning in *Stevens*, McClish's plea likewise qualifies as a previous conviction for purposes of the Habitual Offender Act even though McClish's plea was not offered for habitual-offender purposes in this case.

 Additionally, McClish argues that the Oklahoma plea should not be admissible in an Arkansas court for sentence enhancement because Oklahoma law would prohibit the use of that plea for sentence enhancement in its own courts. *See Belle v. State*, 516 P.2d 551 (Okla. Crim. App. 1973). McClish's argument fails on two grounds. First, McClish cites inapposite Oklahoma and federal case law that turned on the introduction of prior convictions during the guilt phase of a trial rather than the sentencing phase. This line of reasoning ignores the significance of Arkansas's bifurcated proceedings and the balancing of interests unique to each distinct phase. Second, the State of Arkansas is undeniably free to independently legislate its own sentencing policy and procedures, which may be contrary to the law of foreign states. In that endeavor, the Arkansas legislature clearly addressed Arkansas's policy by enacting a specific statutory provision for admitting prior foreign convictions for sentence-enhancement purposes. *See* Ark. Code Ann. § 5-4-503 (Repl. 1997).

The American Law Institute Model Penal Code and Commentaries provides persuasive authority supporting Arkansas's policy of balancing the benefits of expungement with the goals of sentencing. Particularly, the Model Penal Code favors harmonizing (i) the desire to allow a trial judge wide discretion to reduce sentences or to mandate probation in appropriate cases, even with

serious felony offenses, with (ii) the desire to appropriately punish repeat offenders. Comments to the Model Penal Code suggest that the suspension of a sentence, or of the execution of a sentence, may be appropriate even if the defendant has been convicted of a serious crime and that a court "should be free to make that determination without foreclosing later application of an habitual offender law." *See* Model Penal Code § 7.05 cmt. 1, 2 (1962). Further, the Comments advise that prior convictions should be given consideration in sentencing, except where a pardon is granted on the ground of innocence. *Id.* Arkansas law honors the Oklahoma trial court's right to place McClish on probation for his Oklahoma rape charge, while still holding him accountable for that offense at the sentencing phase of his Arkansas aggravated-robbery trial.

Finding no merit in appellant's arguments that the trial court erred by admitting evidence of appellant's Oklahoma deferred sentence and plea of nolo contendere and, in any event, finding an absence of prejudice resulting from the admission of that evidence, the trial court's ruling is affirmed.