Chor J. PHAVIXAY  *v.*  STATE of Arkansas

CR 07-585                                                 282 S.W.3d 795

Supreme Court of Arkansas
Opinion delivered April 10, 2008

[Rehearing denied May 29, 2008.\*]

*Matthew Lunde,* for appellant.

*Dustin McDaniel,* Att'y Gen., by: *Valerie Glover Fortner,* Ass't Att'y Gen., for appellee.

PAUL E. DANIELSON, Justice. Appellant Chor J. Phavixay appeals from his conviction for delivery of methamphetamine, a violation of Ark. Code Ann. § 5-64-401 (Repl. 2005), and his sentence to 384 months' imprisonment. His sole point on appeal is that the circuit court erred in admitting evidence of a prior crime, in violation of Rule 404(b) of the Arkansas Rules of Evidence. Alternatively, Phavixay submits that the evidence of the prior crime was inadmissible under Rule 403 of the Arkansas Rules of Evidence due to undue prejudice, waste of time, and confusion of the issues. Because we agree that the admission of evidence of a prior crime violated Rule 404(b), we reverse and remand.

The record reveals the following facts. On February 16, 2007, the State filed a motion to introduce evidence at trial pursuant to Rule 404(b) of the Arkansas Rules of Evidence. Phavixay objected, and the matter was addressed during the preliminary proceedings of Phavixay's jury trial on March 6, 2007. The State sought to admit evidence of an alleged prior crime of Phavixay, which occurred on August 14, 2006. Phavixay's con-

---

\* CORBIN, BROWN, and GUNTHER, JJ., would grant rehearing.

viction in the instant case stemmed from events that occurred on August 24, 2006. Phavixay objected, arguing that because the State had direct proof as to the crime which allegedly occurred on August 24, there was no independent relevance for the prior crime other than to prejudice him and provide evidence of his bad character.

The evidence on which the State relied for Phavixay's conviction was the testimony of a police informant, Michael Bingham, and Detective Darrell Craghead. The two witnesses were able to establish that Bingham worked along with the Fort Smith Police Department and Detective Craghead by engaging in a controlled buy of narcotics from Phavixay on August 24, 2006. However, the State sought to also admit evidence of a separate controlled buy from Phavixay performed by Bingham, which allegedly occurred on August 14, 2006, ten days prior to the controlled buy for which Phavixay was being tried. The circuit court allowed the evidence of the prior crime to be admitted during the trial with a limiting instruction.

Phavixay was found guilty of delivery of methamphetamine and filed a timely notice of appeal on March 20, 2007. The court of appeals certified this case to our court on January 29, 2008, as one involving an area of law needing clarification, and we accepted certification on January 31, 2008. We turn then to the instant appeal.

Phavixay asserts that the circuit court erroneously allowed the State to introduce evidence of a prior bad act or crime as the evidence failed to meet the requirements of Rule 404(b) because it was not independently relevant. He further argues that even if the evidence were somehow relevant, it nevertheless should have been excluded under Arkansas Rule of Evidence 403 because its probative value was substantially outweighed by the danger of unfair prejudice. The State avers that the circuit court did not abuse its discretion in allowing the evidence to be introduced as it was relevant to explain the relationships of the parties and the ongoing drug operation, and it was probative because of the close proximity in time to the crime for which Phavixay was convicted.

Under Arkansas Rule of Evidence 404(b), any evidence of a person's other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. *See* Ark. R. Evid. 404(b) (2007). However, the evidence may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *See id.*

The admission or rejection of evidence under Rule 404(b) is committed to the sound discretion of the circuit court, and we will

not reverse absent a showing of manifest abuse of that discretion. *See Lamb v. State*, 372 Ark. 277, 275 S.W.3d 144 (2008). Evidence offered under Rule 404(b) must be independently relevant to make the existence of any fact of consequence more or less probable than it would be without the evidence. *See id.* In other words, the prior bad act must be independently relevant to the main issue, in that it tends to prove some material point rather than merely proving that the defendant is a criminal. *See id.*

In *Smith v. State*, 314 Ark. 241, 862 S.W.2d 234 (1993), the defendant was charged with having sold cocaine to an undercover officer and had three other cases pending in which he had been charged with past drug deals to the same officer. In the trial on his cocaine sale, the prosecutor asked the officer if he had, on specific dates, seen the defendant before, to which the officer answered affirmatively. *See id.* There, we held that Rule 404(b) was not violated because the actual crimes, wrongs, or bad acts had not been admitted into evidence. *See id.* The instant case differs from *Smith* because, here, evidence of a prior controlled buy from Phavixay was actually admitted into evidence through the testimony of the police informant.

While the two controlled buys from Phavixay were similar and in close proximity of one another, we do not conclude that the first buy was independently relevant to the controlled buy on August 24. While this court has allowed evidence of prior crimes to establish *modus operandi*, the general purpose of proving a method of operation is for purposes of identification. *See Diffee v. State*, 319 Ark. 669, 894 S.W.2d 564 (1995). The record does not reflect where identity was an issue at trial. Furthermore, for the admission of *modus operandi* evidence, the methodology must be so unique that both acts can be attributed to one individual. *See Frensley v. State*, 291 Ark. 268, 724 S.W.2d 165 (1987). The record reveals the controlled buys from Phavixay were two fairly routine drug transactions and fails to show a unique methodology.

This court has also admitted prior drug offenses on several occasions to show a defendant's intent. *See Owens v. State*, 325 Ark. 110, 926 S.W.2d 650 (1996) (holding that evidence about Owens's previous drug use and manufacture was admissible where intent was disputed at trial); *Neal v. State*, 320 Ark. 489, 898 S.W.2d 400 (1995) (holding that evidence of Neal's past drug purchases were admissible in light of his defense that he had no knowledge that drugs were in his home); *Scroggins v. State*, 312 Ark. 106, 848 S.W.2d 400 (1993) (holding that evidence of Scroggins's previous drug sale was admissible to show his intent to deliver

drugs in exchange for money); *Lincoln v. State*, 285 Ark. 107, 685 S.W.2d 166 (1985) (holding testimony regarding Lincoln's prior drug sales was admissible during his trial on his possession-with-intent-to-deliver charge as proof of his intent). However, in the instant case, Phavixay was charged with only the actual delivery of methamphetamine. Intent was not at issue.

The defendant in *Scroggins v. State, supra*, was also charged with actual delivery, rather than possession with intent to deliver. While we upheld the admission of testimony about his prior drug sales to prove his intent, that case is distinguishable from the instant case because Scroggins was charged with delivery of a controlled substance *in exchange for money*. Scroggins would "front" the drugs to the informant without initial payment. Thus, testimony about the earlier controlled buy would have been relevant to prove his intent to receive money, at some point, in exchange for the drugs. No such issue exists in the instant case.

■ This court cannot perceive of any reason for the admission of Phavixay's prior drug transaction other than to show he was a drug dealer likely to have sold drugs again on the particular date for which he was tried. This is precisely the type of evidence that Rule 404(b) was designed to exclude. For all these reasons, the decision of the circuit court is reversed, and the case is remanded for a new trial.[1]

Reversed and remanded.

CORBIN, BROWN, and GUNTER, JJ., dissent.

ROBERT L. BROWN, Justice, dissenting. The majority reaches the remarkable conclusion that Phavixay's delivery of methamphetamine to a confidential informant ten days before a similar delivery of methamphetamine to the same confidential informant is not relevant evidence under a Rule 404(b) exception. The majority premises its logic in part on its surprising conclusion that intent is not a specific issue in this case. That, of course, is just plain wrong. The jury received *two* Rule 404(b) instructions during the trial and a third general instruction that to sustain the charge for delivery of methamphetamine, the State must prove that Phavixay "knowingly or purposefully" transferred the drug for money. The State then

---

[1] Phavixay further argued that the evidence should have been excluded under Arkansas Rule of Evidence 403; however, a Rule 403 analysis is unnecessary as the outcome of the case has been decided by this court based on Rule 404(b).

argues intent in this appeal. Why the majority concludes that intent is not an issue is perplexing. Not only does the majority miss the mark factually in its opinion, but it cites no case law, state or federal, to support its dubious analysis that a similar crime is not relevant evidence of intent.

Rule 404(b) delineates plainly when other crimes, wrongs, and acts are relevant evidence:

> (b) *Other Crimes, Wrongs, or Acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of the person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Ark. R. Evid. P. 404(b) (2007). Without question, the Rule 404(b) language contains a prohibition against evidence simply proving the defendant is a "bad guy," and this court has upheld that prohibition in our case law. *See, e.g., Green v. State*, 365 Ark. 478, 231 S.W.3d 638 (2006) (circuit court abused its discretion in allowing testimony that defendant "had always been on the outside of the law," that he was abusive and controlling, and that he had smoked methamphetamine and forced others to steal in defendant's trial for kidnapping and capital murder; this court held that the testimony had no independent relevance and was introduced as an attempt to prove that the defendant was a bad person).

Evidence of past crimes, wrongs, or acts, however, is relevant and admissible under the express terms of Rule 404(b) to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Here, Phavixay was charged with delivery of methamphetamine. "Delivery" is defined as the transfer of a controlled substance in exchange for money. Ark. Code Ann. § 5-64-101(7) (Supp. 2007). The prosecuting attorney then introduced proof of a similar delivery of methamphetamine that occurred ten days earlier to the same confidential informant for money. What could be more relevant and illustrative proof of motive, opportunity, intent, preparation, and so forth than that? Indeed, a similar act committed ten days before the charged crime satisfies any one of the Rule 404(b) exceptions.

Moreover, the trial judge gave the jury the following instruction on the relevancy of the earlier delivery of methamphetamine before Detective Craghead's testimony at trial, after counsel for Phavixay agreed to it:

BY THE COURT: All right. Ladies and gentlemen, I want to instruct you that the evidence you are about to hear of other alleged crimes, wrongs or acts of this Defendant may not be considered by you to prove the character of this Defendant. This evidence is not to be considered to establish a particular trait of character of this Defendant, nor is it to be considered to show that he acted similarly or accordingly on the date of this incident, but this evidence is merely being offered to show motive, opportunity, intent, participation, plan, knowledge, identity, absence of mistake, accident or consciousness of guilt. Whether any of this (sic) other alleged crimes, wrongs, or acts have been committed is for you to determine.

Essentially, the same Rule 404(b) instruction was given at the time the general instructions were read by the judge. The trial judge, in addition, instructed the jury that the State was required to prove that Phavixay "purposely, knowingly, or recklessly" delivered the methamphetamine to the informant for money. The prosecutor, of course, had tried to prove Phavixay's culpable mental state under Rule 404(b) by proof of Phavixay's similar sale for money. Why is that not relevant?

At the heart of my dissent is the issue of *stare decisis*. To examine the raft of cases where this court has held that a similar crime is probative of motive, opportunity, intent, etc., one need only turn to the annotation under Rule 404(b). *See* Ark. R. Evid. 404(b) case notes (2007).[1] Without question, multiple cases of this court are overruled by implication as a result of today's opinion, but what cases? The majority mentions *Scroggins v. State*, 312 Ark. 106, 848 S.W.2d 400 (1993). It is right on point and is contrary to the majority's holding. The majority is wrong when it tries to distinguish *Scroggins* on the basis that an exchange for money is not an issue in the instant case. That will be news to the jury, since Phavixay was charged with that crime and the jury was instructed precisely on that point.

Is *Scroggins* still good law? Are prosecuting attorneys now foreclosed from using bad acts, wrongs, or crimes that are *too similar* to the crime charged? That is certainly ironic if the holding limits bad acts that are *too similar* but allows bad acts that are *somewhat* similar to fall within the Rule 404(b) exceptions. In any case, confusion will now reign regarding what the State is permitted to introduce under Rule 404(b).

---

[1] *Modus operandi* is different from proof of intent, and though the majority addresses *modus operandi*, it has not been raised by either party and is not an issue in this case.

Surely cases from time to time are overruled by this court, but we do so sparingly. And we have set the ground rules for such changes:

> [I]t is necessary, as a matter of public policy, to uphold prior decisions unless great injury or injustice would result. The policy behind *stare decisis* is to lend predictability and stability to the law. In matters of practice, adherence by a court to its own decisions is necessary and proper for the regularity and uniformity of practice, and that litigants may know with certainty the rules by which they must be governed in the conducting of their cases. Precedent governs until it gives a result so patently wrong, so manifestly unjust, that a break becomes unavoidable.

*State Auto Property & Cas. Ins. Co. v. Arkansas Dep't of Envtl. Quality*, 370 Ark. 251, 257, 258 S.W.3d 736, 741 (2007) (quoting *Cochran v. Bentley*, 369 Ark. 159, 174, 251 S.W.3d 253, 265 (2007)).

I find myself in the posture of Justice Stephen Breyer, who wrote in his recent dissent in the Seattle School District case: "What has happened to *stare decisis*?" *Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701 (2007) (Breyer, J., dissenting). What has happened indeed?

I respectfully dissent.

CORBIN and GUNTER, JJ., join this dissent.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
### MAY 29, 2008

ROBERT L. BROWN, Justice, dissenting. The State is justifiably alarmed over the opinion in this case because it limits the prosecutor's ability to prove intent and identity in drug cases. I would grant the petition for rehearing.

The following two sentences in the majority opinion highlight the problem: "However, in the instant case, Phavixay was charged with only the actual delivery of methamphetamine. Intent was not at issue." *Phavixay v. State*, 373 Ark. 168, 171, 282 S.W.3d 795, 798 (2008).

As the State underscores in its petition for rehearing, Phavixay was not merely charged with delivery. Intent is *always* an element for delivery of methamphetamine. *See* Ark. Code Ann. § 5-2-204(b) (Repl. 2006) and § 5-64-401(a) (Repl. 2005) . For

the crime to occur, the defendant must knowingly and purposefully transfer the drug to another for money. *See* Ark. Code Ann. § 5-2-203(b) (Repl. 2006). For this court to conclude otherwise is simply not correct and is misleading for law enforcement.

Intent, to be sure, can be proved by eyewitness testimony, but it can also be proved by "[e]vidence of other crimes, wrongs, or acts." Ark. R. Evid. 404(b); *Scroggins v. State*, 312 Ark. 106, 848 S.W.2d 400 (1993). For the majority to curtail the prosecutor in proving intent, as it does in this case, runs directly counter to our case law. *See, e.g., Brunson v. State*, 368 Ark. 313, 325, 245 S.W.3d 132, 142 (2006) ("[T]his court has long held that it is proper to allow the State to prove its case as fully as possible.").

The same holds true for proving identity. Showing that the defendant made a similar drug buy from the same police informant ten days earlier confirms that there was no mistaken identity by the informant at trial.

The State is absolutely correct that rehearing needs to be granted. I respectfully dissent.

CORBIN and GUNTER, JJ., join this dissent.